STATE v. A. B. SCHLICHTER AND O. M. SCHLICHTER.

(Filed 28 September, 1927.)

1. **Constitutional Law—Criminal Law—Certiorari—Review.**

   Where the Superior Court judge has declared a sentence by a preced-
   ing judge void as an alternative judgment in a criminal prosecution, and
   has therefore disregarded it, the Supreme Court is authorized under our
   Constitution empowering it among other things "to issue any remedial
   writs necessary to give it general supervision and control over the pro-
   ceedings of the inferior courts" to issue a writ of *certiorari* to bring the
   question before it upon the State's application therefor.

2. **Judgments—Alternative Judgments — Suspended Judgments — Execu-
   tion—Appeal and Error—Matters of Law—Reversal.**

   Where the officials of a bank have knowingly permitted deposits to be
   made in the bank while insolvent, a judgment that they be confined in
   the State's prison for a certain time, capias to issue at a stated term if
   the judge holding the term should find as a fact that restitution to the
   receiver in a certain amount of money had not been made by the de-
   fendants, is neither an alternate nor a suspended judgment, but is sus-
   pended execution and is valid; and the action of the trial judge at the
   ensuing term in holding it invalid as a matter of law, is reversible error.

PETITION for *certiorari* to review judgment of *Midyette, J.,* rendered
at January Term, 1927, of HALIFAX.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*
*Pippen & Picot and Geo. C. Green for defendants.*

STACY, C. J. The State's application for writ of *certiorari* to bring up the record in this case for review was made and allowed under Article IV, sec. 8, of the Constitution which empowers this Court, among other things, "to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." The remedial appropriateness of the writ is established by the authorities on the subject. *S. v. Swepson,* 83 N. C., 585, and cases there cited.

⁻ The question of law presented by the record arises out of the following fact situation:

1. At the August Term, 1925, Halifax Superior Court, the defendants, A. B. Schilchter and O. M. Schlichter, president and cashier, respectively, of the Bank of Hollister, were convicted of violations of the banking act, in that as officers of said bank, they received or permitted an employee to receive deposits therein with knowledge of the fact that, by reason of the bank's insolvency, such deposits then being received were taken at the expense or certain peril of the depositors presently making them. *S. v. Hightower,* 187 N. C., 300.

2. Judge Albion Dunn, who presided, after finding that the defendants had paid $12,000 to the receivers of the defunct bank, upon recommendation of the solicitor, adjudged "that the defendant, A. B. Schlichter, be confined in the State's prison for a term of not less than three years and not more than five years, and that the defendant, O. M. Schlichter, be confined in the State's prison for a term of not less than two years and not more than three years. Capias to issue at the January Term, 1927, of Halifax Superior Court, if the judge holding the said court shall find as a fact that the said A. B. Schlichter and O. M. Schlichter have failed to pay to the receivers of the said bank the sum of eight thousand eight hundred and thirty dollars, with interest from the 25th day of August, 1925."

3. At the January Term, 1927, Halifax Superior Court, Judge Garland E. Midyette, who presided, found as a fact that the defendants had failed to pay to the receivers of the Bank of Hollister the sum of $8,830, with interest from 25 August, 1925, whereupon the solicitor for the State moved that capias issue in accordance with the judgment previously entered. The court continued this motion for capias until the January Term, 1928, being of opinion that the judgment entered at the August Term, 1925, was void, because alternative, and that the case was then before the court for disposition as if no previous judgment had been rendered.

It is manifest, we think, that Judge Midyette declined the solicitor's motion for capias because of his opinion that no valid judgment had

been entered in the case, and not as a matter of discretion under the judgment previously rendered, if indeed he had such discretion, which it is unnecessary to decide, as the question is not before us.

But it was error to hold the judgment of Judge Dunn, entered at the August Term, 1925, void as a matter of law. It is not an alternative judgment within the principle announced in *S. v. Perkins,* 82 N. C., 682, nor a suspended judgment as was the case in *S. v. Hardin,* 183 N. C., 815, but rather a suspended execution as discussed in *S. v. McAfee,* 189 N. C., 320, and *S. v. Vickers,* 184 N. C., 676, which, strictly speaking, is no part of the judgment at all. *S. v. Yates,* 183 N. C., 753.

These questions have been so thoroughly discussed in the recent cases of *S. v. Edwards,* 192 N. C., 321, *S. v. Tripp,* 168 N. C., 150, and *S. v. Everitt,* 164 N. C., 399, that we are content simply to refer to what was said in these late cases as authority for our present position. See, also, *S. v. Shepherd,* 187 N. C., 609; *S. v. Phillips,* 185 N. C., 620; *S. v. Strange,* 183 N. C., 775; *S. v. Burnette,* 173 N. C., 734; *In re Hinson,* 156 N. C., 250; *S. v. Hilton,* 151 N. C., 687; *S. v. Whitt,* 117 N. C., 804; *S. v. Crook,* 115 N. C., 763; *S. v. Overton,* 77 N. C., 485; *Ex parte United States,* 242 U. S., 27; *Bernstein v. U. S.,* 254 Fed., 967; Notes, 39 L. R. A. (N. S.), 242, and 33 L. R. A. (N. S.), 112.

Error.