### STATE v. LULA PEARL RHODES.

(Filed 22 May, 1935.)

**Courts A c—No appeal lies from order of recorder's court that execution issue on suspended judgment, review being by recordari.**

> Where it is provided by statute that a person convicted in a recorder's court should have the right to appeal to the Superior Court, and that trial in the Superior Court should be *de novo*, there is no provision for an appeal from an order of the recorder's court that a suspended judgment against a person convicted in said court should be executed, and the Superior Court obtains no jurisdiction from a purported appeal from such order unless such appeal is treated as a return of a writ of *recordari*, and where on such appeal the Superior Court hears evidence and affirms the judgment of the recorder's court, the case will be remanded by the Supreme Court for proceedings according to law. The requisites for an order that execution issue on a suspended judgment discussed by STACY, . C. J.

APPEAL by defendant from *Sinclair, J.,* at November Term, 1934, of NEW HANOVER.

Criminal prosecution, tried in the "recorder's court of New Hanover County" upon a warrant charging the defendant with a felonious assault upon one John Russ, resulting in serious injury. C. S., 4214.

The case was tried on 11 May, 1934, and resulted in a verdict of "guilty of assault with serious injury." On 26 June thereafter the following judgment was pronounced against the defendant: "3 months in jail, to be assigned to county farm; judgment suspended on payment of costs on condition that defendant report to this court on the first Monday of each month for six months and satisfy the court that she has been of good behavior."

It is stated in the record that "after the above judgment of recorder's court the defendant Lula P. Rhodes paid to the court the costs assessed in this case, and did thereafter, on the first of each succeeding month, appear in person and report to said recorder's court, as required in the foregoing judgment."

On 14 November, 1934, at a session of the recorder's court, the said Lula P. Rhodes was present as a witness for the State in the case of

*S. v. John Russ,* charged with abandonment and nonsupport. From the evidence elicited in the trial of this case, the solicitor prayed judgment in the case of *S. v. Lula P. Rhodes,* she being present in court though not represented by counsel at that time. The court "finding as a fact that the defendant had been living in open adultery with one John Russ, in violation of the terms of her suspended judgment, as to good behavior," ordered that the original sentence be imposed and execution issue. From this order the defendant gave notice of appeal to the Superior Court.

When the matter was reached in the Superior Court, the defendant, through her counsel, "entered a special appearance and duly moved the court to reverse the judgment of the recorder's court, or remand the cause to the recorder's court with direction that the court find the facts and certify same to the Superior Court, together with the evidence used as a basis for such findings." Motion denied, whereupon the judge of the Superior Court proceeded to hear evidence on whether the defendant had been of good behavior, and entered judgment: "The judgment of the recorder's court is affirmed."

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Hugh N. Pace, W. L. Farmer, Edgar L. Yow, and W. F. Jones for defendant.*

STACY, C. J. The "recorder's court of New Hanover County" was established in 1909 as a special court for the trial of petty misdemeanors, with the right of "any person convicted in said court" to appeal to the Superior Court of New Hanover County, and it is provided that "upon such appeal the trial in the Superior Court shall be *de novo.*" Ch. 398, Public Laws 1909; *S. v. Goff,* 205 N. C., 545, 172 S. E., 407. Subsequent amendments to the statute, investing said court with limited civil jurisdiction, etc., are not now material. Ch. 217, Public-Local Laws 1911; ch. 179, Public-Local Laws, Extra Session, 1920 (repealed by ch. 2, Public-Local Laws 1921); ch. 132, Public Laws 1923.

The appeal provided for in the original act creating said recorder's court is from the conviction and judgment entered thereon, and not from an order such as here challenged. *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630. Hence, the Superior Court was without authority to entertain the "appeal," unless treated as return to writ of *certiorari. S. v. Tripp, supra.*

The judgment, therefore, affirming the judgment of the recorder's court will be stricken out and the cause remanded for further proceedings as to right and justice appertain and as the law provides.

In the subsequent proceedings, the following questions, upon which we make no present rulings, may arise:

1. Does the verdict mean more than guilty of simple assault? *S. v. Lassiter, post,* 251.

2. Is the suspended judgment, as rendered, valid? *S. v. Edwards,* 192 N. C., 321, 135 S. E., 37; *S. v. Schlichter,* 194 N. C., 277, 139 S. E., 448; *S. v. Tripp, supra; S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011; *S. v. McAfee,* 198 N. C., 507, 152 S. E., 391; *Myers v. Barnhardt,* 202 N. C., 49, 161 S. E., 715.

3. Had the defendant fully complied with the terms of said suspended judgment at the time of the last order? *S. v. Gooding,* 194 N. C., 271, 139 S. E., 436; *S. v. Hilton, supra.*

4. Was the defendant given an opportunity to be heard in open court on the alleged violation of the terms of the suspended judgment? *S. v. Smith,* 196 N. C., 438, 146 S. E., 73.

5. Was the order of execution warranted by the evidence? *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593.

Error.