### STATE v. HERSCHEL KING.

(Filed 14 October, 1942.)

**1. Criminal Law §§ 69, 76—**

Where criminal prosecution in an inferior court, for unlawful possession and transporting of intoxicants, results in conviction and sentence to imprisonment, no appeal taken, and sentence suspended upon a certain condition, which was violated and original sentence ordered into effect, from which order defendant appealed to Superior Court, defendant's remedy is only by *certiorari* and in the absence of such writ, the Superior Court acquires no jurisdiction and the "appeal" should be dismissed.

**2. Same—**

When a criminal action has been brought from an inferior court to the Superior Court by writ of *certiorari*, the Superior Court acts only as a court of review.

APPEAL by defendant from *Johnson, Jr., Special Judge,* at Regular May Criminal Term, 1942, of BUNCOMBE.

Criminal prosecution upon a warrant issued out of the police court of the city of Asheville, charging defendant with commission of offenses of unlawful possession, and transportation of intoxicating liquor.

The record proper as set out in the transcript on this appeal contains: (1) Warrant issued out of the police court of the city of Asheville on 27 January, 1942, for the arrest of defendant upon charges of unlawful possession of intoxicating liquor for purpose of sale, and of carrying, transporting and delivering intoxicating liquor in violation of law, which warrant is. numbered 3989, and is designated "Warrant and summons U. P. W. K. L. S. C. T. D."; (2) Judgment entitled "State of North Carolina, County of Buncombe in the municipal court," and signed "Sam M. Cathey, Judge municipal court," dated 11 February, 1942, which reads in pertinent part that defendant "is to be committed to the common jail of Buncombe County, North Carolina, for a period of twelve (12) months to be assigned to work under the direction and supervision of the State Highway Commission. This sentence is to be suspended for a period of two years upon the following expressed conditions": among others, "(1) That the defendant is not to drive any motor vehicle of any kind in Buncombe County during the life of this judgment." (3) A written statement (patently a return to notice of appeal) under the caption of "State v. Herschel King, No. 3989—City of Asheville in the police court," dated 17 May, 1942, and signed by "R. F. Messer, Clerk of the police court," which reads: "Upon hearing the evidence in the above entitled case the defendant is adjudged guilty and sentenced to a term of 12 months under the supervision of the SH&PWC on a charge of UPW&KLS, and CTD, said sentence to be suspended for a period of two years upon condition that set forth in the within enclosed judgment, the court finding as a fact after hearing evidence of J. M. Coffey the condition number 1 of said judgment having been violated on May 14th, 1942, evidence of the defendant operating a motor vehicle in the city of Asheville,. said sentence ordered into effect. Plaintiff's attorney at that time giving notice of appeal to the May, 1942, term of the Superior Court upon the finding of the facts of violation of the judgment in the police court. Said appeal being granted by the police court. Appeal to the Superior Court of Buncombe County. Bond fixed at $1,250.00." (4) Bond of defendant in the sum of $1,250.00 for his appearance at May Term, 1942, of Superior Court of Buncombe

County, "to answer the charges preferred against him for appealed 12 months and to receive what shall by the court be then and there enjoined upon him . . ." (5) Judgment entered at May Criminal Term, 1942, of Buncombe County "upon appeal by the defendant from a judgment of Sam M. Cathey, judge of the police court of the city of Asheville," in which after finding as facts (a) that defendant was convicted in said police court on 11 February, 1942, on the charge of unlawfully possessing and transporting liquor, and, upon such conviction, was sentenced to a term of twelve months to be assigned to work upon the public highways under the direction and supervision of the State Highway and Public Works Commission, and that said sentence was suspended for a period of two years upon the condition, among others, "that defendant is not to drive any motor vehicle in the county of Buncombe during the life of this judgment"; (b) that from this judgment defendant did not appeal; and (c) that on 17 May, 1942, defendant was before judge of the police court on the charge that he had violated the above quoted condition upon which judgment of 11 February, 1942, was suspended, at which time and place Sam M. Cathey, judge of the police court of the city of Asheville, finding that the terms of said judgment had been violated, entered judgment putting the suspended sentence into effect, it appears that the court after hearing testimony, also finds "as a fact that the defendant drove an automobile on Patton Avenue in the city of Asheville on the 14th day of May, 1942, in violation of the terms and conditions upon which the judgment of the police court of the city of Asheville, dated 11 February, 1942, was suspended." It further appears in said judgment that "upon the foregoing findings of fact" the court adjudged that the defendant had so violated one of the express conditions upon which judgment of imprisonment against defendant was so suspended, and thereupon the court further adjudged that the judgment of the judge of the police court of the city of Asheville, dated 17 May, 1942, putting into effect the previous sentence of imprisonment against defendant "be, and the same is hereby in all respects affirmed, and it is ordered and adjudged that execution and commitment be issued, and that the defendant be committed and serve said sentence."

Defendant appeals therefrom to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Sam J. Pegram and J. W. Haynes for defendant, appellant.*

WINBORNE, J.   The only exception, assigned by defendant for error on this appeal, is to the "findings of fact and judgment of the Superior Court."   The exception is not tenable.

"Appeals in criminal cases are controlled by the statutes on the subject." *S. v. Rooks,* 207 N. C., 275, 176 S. E., 752.

While the statutes, under which the police court of the city of Asheville was created and now exists, with jurisdiction over criminal offenses therein defined, provide that "any person convicted in said court shall have the right to appeal to the Superior Court, and upon such appeal the trial in the Superior Court shall be *de novo,"* no provision is made for appeal in a case, such as this in hand, where the police court of the city of Asheville, upon finding that a condition upon which prison sentence imposed on defendant was suspended has been violated by the defendant, orders execution of the sentence. Private Laws 1905, chapter 35, as amended by Private Laws 1909, chapters 295 and 390, Private Laws 1911, chapter 323, Private Laws 1913, chapter 58, Private Laws 1915, chapter 47, Private Laws 1917, chapter 53, and Private Laws Extra Session 1920, chapter 38, and as re-enacted as a part of the amended charter of the city of Asheville, Private Laws 1923, chapter 16, sections 141 *et seq.,* as amended by Public-Local Laws 1941, chapter 464. See also *S. v. Lytle,* 138 N. C., 738, 51 S. E., 66; *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630; and *S. v. Rhodes,* 208 N. C., 241, 180 S. E., 84, where similar situations are involved.

In such cases, however, the defendant is not without a remedy. The remedy, retained by statute, approved by the court and generally pursued, is *certiorari* to be obtained from the Superior Court upon proper showing aptly made. See C. S., 630; *S. v. Tripp, supra,* where the subject is clearly discussed. See also *S. v. Rhodes, supra,* and compare the civil cases of *Taylor v. Johnson,* 171 N. C., 84, 87 S. E., 981; *Drug Co. v. R. R.,* 173 N. C., 87, 91 S. E., 606. And in the absence of such writ the criminal action docketed in Superior Court, as upon appeal, should be dismissed.

In the *Tripp case, supra,* it is said: "No appeal on this subject having been provided by the statute, and there being nothing in the record to challenge the validity or propriety of the sentence, his Honor was clearly right in dismissing the appeal."

In the *Rhodes case, supra,* speaking to the same subject, it is stated: "The Superior Court was without authority to entertain the 'appeal,' unless treated as a return to writ of *certiorari. S. v. Tripp, supra."*

When a criminal action has been brought from an inferior court to the Superior Court by means of a writ of *certiorari,* the Superior Court "acts only as a court of review, and in all ordinary instances must act on the facts as they appear of record . . . and can only revise the proceedings as to regularity or on questions of law or legal inference. *S. v. Tripp, supra."*

In the present case, no appeal being provided by statute, and there being nothing in the record to show that the action came to the Superior

Court by means of writ of *certiorari,* or to show that the case docketed in Superior Court as upon appeal was treated as a return to writ of *certiorari,* the Superior Court acquired no jurisdiction, and the case should have been dismissed. And, in this Court, where the lack of jurisdiction is apparent, the Court may, and will, on plea, suggestion, motion or *ex mero motu,* stop the proceedings. *Henderson County v. Smyth,* 216 N. C., 421, 5 S. E. (2d), 136, and authorities there assembled.

However, if this case were properly in Superior Court, while the record proper of the proceedings in the police court of the city of Asheville, as disclosed in the record on this appeal, is subject to the charge that it is incomplete and unduly abbreviated and ciphered, a practice that should not be pursued and is not approved in the recording of the proceedings of a court of record, it is sufficient in any event to meet the objection here raised, in that it shows: (1) That on 11 February, 1942, defendant was tried in the police court of the city of Asheville upon a warrant charging him with violating the prohibition laws of the State, and adjudged guilty and sentenced to a prison term of twelve months, which was suspended upon condition that he should not "drive any motor vehicle in the County of Buncombe during the life of this judgment"; and (2) that on hearing in said police court on 17 May, 1942, upon "evidence of J. M. Coffey," the judge of the police court found that defendant had on 14 May, 1942, violated the above condition by "operating a motor vehicle in the city of Asheville," and, thereupon, ordered the sentence into execution, from which order defendant then and there, through his attorney, gave notice of appeal. Such findings of fact of the judge of the police court and his judgment thereon are not reviewable unless there is manifest abuse of discretion. *S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Greer,* 173 N. C., 759, 92 S. E., 147; *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593. The record of the proceedings in the police court fails to reveal any fact tending to show abuse of discretion, or anything to challenge the validity or propriety of the sentence.

If the case had been properly before the judge of the Superior Court upon transcript of proceedings had in the police court of the city of Asheville, the fact that he heard evidence relating to, and made findings of fact as to the violation by defendant of the condition against driving any motor vehicle in Buncombe County, while unauthorized, *S. v. Tripp, supra,* would neither add to nor take from the sufficiency of the proceedings appearing upon the face of such transcript, and would be treated as surplusage.

The appeal will be dismissed and the case will be remanded for further proceedings as the law provides.

Appeal dismissed.