WASHINGTON COUNTY v. NORFOLK SOUTHERN LAND COMPANY, JOHN L. ROPER LUMBER COMPANY, BANKERS TRUST COMPANY, AS SUCCESSOR TRUSTEE TO MANHATTAN TRUST COMPANY, CENTRAL UNION TRUST COMPANY, AS SUCCESSOR TRUSTEE TO CENTRAL TRUST COMPANY, C. W. GRANDY, RUFUS KIRN, CHARLES WEBSTER, NATIONAL BANK OF COMMERCE & TRUSTS, E. R. MIXON, TREASURER OF ALBEMARLE DRAINAGE DISTRICT, THE BOARD OF DRAINAGE COMMISSIONERS OF ALBEMARLE DRAINAGE DISTRICT (BEAUFORT COUNTY DRAINAGE DISTRICT No. 5), THE BOARD OF DRAINAGE COMMISSIONERS OF WASHINGTON COUNTY DRAINAGE DISTRICT No. 5, THE BOARD OF DRAINAGE COMMISSIONERS OF WASHINGTON COUNTY DRAINAGE DISTRICT No. 4, THE BOARD OF DRAINAGE COMMISSIONERS OF PUNGO RIVER DRAINAGE DISTRICT, EASTERN CAROLINA HOME & FARM ASSOCIATION, INC., AND ALL OTHER PERSONS HAVING OR CLAIMING ANY INTEREST AS BONDHOLDERS, LIENHOLDERS OR OTHERWISE IN SAID LANDS.

(Filed 3 March, 1943.)

**1. Appeal and Error § 1—**

The rules of the Supreme Court, governing appeals, are mandatory and not directory.

**2. Appeal and Error § 19—**

The pleadings are not contained in the record, only excerpts from the complaint to which the parties agree. Hence, in accordance with the uniform practice in such cases, the appeal must be dismissed. Rule 19, sec. 1; Rule 20. Rules of Practice in the Supreme Court, 221 N. C., 544.

APPEAL by plaintiff and by respondents, C. T. Gaines, J. C. Kirkman and S. D. Davis, from *Williams, J.*, at October Term, 1942, of WASHINGTON.

Two civil actions, numbered in Superior Court 52 and 54, instituted 26 January, 1940, under provisions of C. S., 7990, for foreclosure of liens upon real estate for taxes due thereon, in each of which, after judgments entered and sales had and deeds executed pursuant thereto, and appeal in *Washington County v. Gaines*, 221 N. C., 324, 20 S. E. (2d), 377, plaintiff moved in the causes for, and obtained order making new parties defendant, and thereafter a successor trustee and *cestui que trust*, under a deed of trust affecting said real estate, entered special appearances and moved for orders setting aside decrees of foreclosure, and sales, and commissioner's deeds thereunder, consolidated for hearing the latter motions.

Upon such hearing, judgment was entered in each action at October Term, 1942, in which it is adjudged among other things: (1) That the

order of sale of the land for taxes, the sale thereof by the commissioner, the order of confirmation and the deed to the county of Washington made thereunder, be and same are set aside and declared to be void and of no effect; (2) that the respondents, C. T. Gaines, J. C. Kirkman and S. D. Davis, who have entered into certain contracts with the county of Washington to purchase the timber and all of the land purchased by it under said order of sale, "are privies to the aforesaid sale," and have been duly served with notice of the motion being heard, and participated in the hearing thereof, and that the deeds, contracts or conveyances of any portion of said land to them are void and of no effect, and that the county of Washington is directed to return and pay over to the said C. T. Gaines, J. C. Kirkman and S. D. Davis all moneys that have been paid to and are now held by the county on any such purchase; and (3) that the county of Washington be allowed to make such other and additional parties to this action as may be necessary and required by law for the foreclosure of a tax lien under section 7990 of the Consolidated Statutes of North Carolina, and to proceed according to law for the foreclosure of such tax lien as it may have on the property herein described.

From such judgments, plaintiff, county of Washington, and respondents, C. T. Gaines, J. C. Kirkman and S. D. Davis, appeal to the Supreme Court, and assign error.

*Margaret C. Johnson and Norman & Rodman for plaintiff, appellant.*
*Carl L. Bailey for respondents, appellants.*
*L. I. Moore for defendants, appellees.*

WINBORNE, J.   While it may well be doubted that any valid exceptive assignment of error has been made to appear, it is noted at the threshold of this appeal that the pleadings are not contained in the record. Only excerpts from the complaint are shown in the findings of fact, to which the parties agree.   Hence, in accordance with the uniform practice in such cases, the appeal must be dismissed.   See *S. v. Lumber Co.,* 207 N. C., 47, 175 S. E., 713, and cases there cited.   Rule 19, section 1, of the Rules of Practice in the Supreme Court, 221 N. C., 544, at page 553, requires "that the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases."   And, in Rule 20 of said Rules of Practice, it is provided that "memoranda of pleadings will not be received or recognized in the Supreme Court as pleadings, even by consent."   See *Plott v. Construction Co.,* 198 N. C., 782, 153 S. E., 396.   Moreover, it is pointed out in *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126, and in numerous later decisions, "that the rules of this Court, governing appeals, are manda-

tory and not directory." "The pleadings are essential in order that we may be advised as to the nature of the action or proceeding. . . . We can judicially know only what properly appears on the record." *S. v. Lumber Co., supra.*

Appeal dismissed.