STATE v. ELBERT W. MILLER.

(Filed 23 May, 1945.)

**1. Criminal Law § 63—**

When prayer for judgment is continued, the judgment is suspended. When judgment is pronounced and sentence is suspended, execution of sentence is stayed. When either judgment or sentence is suspended on condition, the ultimate purpose is the same.

**2. Same—**

The inherent power of a court having jurisdiction to suspend judgment, or stay execution of sentence, on conviction in a criminal case, for a determinate period or for a reasonable length of time, has been recognized and upheld in this jurisdiction. Such disposition of the case does not serve to delay or defeat the defendant's right of appeal.

**3. Criminal Law §§ 62, 63: Constitutional Law § 15d—**

An order, suspending the imposition or execution of sentence on condition, is favorable to the defendant, and when he sits by as the order is entered and does not appeal, he impliedly consents and thereby waives or abandons his right to appeal on the principal issue of his guilt or innocence and commits himself to abide by the stipulated conditions. He may not thereafter complain that his conviction was not in accord with due process of law.

**4. Criminal Law §§ 62, 63—**

Defendant in a criminal action, after judgment suspended on conditions, is relegated to contest judgment and execution of sentence for want of evidence to support a finding that conditions imposed have been breached, or that the conditions are unreasonable or unenforceable, or are for an unreasonable length of time. And the court may not pronounce judgment or invoke execution, after adjournment of the term, so long as defendant observes the conditions imposed.

**5. Criminal Law §§ 62, 63, 76, 77—**

Where on conviction of defendant in a criminal case and judgment and execution are suspended on condition, without appeal taken, the court moves to impose sentence on the grounds of conditions broken, the defenses available to defendant involve questions of fact for the judge and not issues of fact for the jury, and no appeal is provided by statute from an adverse ruling, so that defendant's remedy is by *certiorari* or *recordari*.

**6. Courts § 1a: Appeal and Error §§ 1, 30b—**

This Court's jurisdiction is derivative and where the Superior Court was without jurisdiction to entertain an appeal from a county criminal court, this Court has none. No circumstance or condition is sufficient justification for the assumption of jurisdiction not possessed.

APPEAL by defendant from *Phillips, J.*, at September Term, 1944, of ANSON. Appeal dismissed.

Criminal prosecution in the county criminal court of Anson County on warrant charging that defendant unlawfully contributed to the delinquency of a minor, heard in the Superior Court on appeal from an order imposing sentence under a suspended judgment for breach of conditions of probation.

The defendant was convicted in the county criminal court of Anson County on said charge 20 September, 1939. Prayer for judgment was continued and defendant was released ·on probation˝ under stipulated

conditions. He was arrested in September, 1943, on complaint of the probation officer, charged with a breach of the conditions of probation. The county court judge, on 14 December, 1943, heard the evidence, found as a fact that defendant had failed to comply with the terms of his probation, and imposed sentence of imprisonment. Defendant appealed. The court below affirmed and directed that commitment issue. Defendant appealed to this Court, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*J. Shepard Bryan for defendant, appellant.*

BARNHILL, J. When prayer for judgment is continued, the judgment is suspended. When judgment is pronounced and sentence is suspended, execution of sentence is stayed. When either judgment or sentence is suspended on condition, the ultimate purpose is the same. 15 A. Jur., 134, 142. *S. v. Greer,* 173 N. C., 759, 92 S. E., 147.

The inherent power of a court having jurisdiction to suspend judgment or stay execution of sentence on conviction in a criminal case for a determinate period and for a reasonable length of time has been recognized and upheld in this jurisdiction. *S. v. Crook,* 115 N. C., 760; *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011; *S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630; *S. v. Wilson,* 216 N. C., 130, 4 S. E. (2d), 440; *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Ray,* 212 N. C., 748, 194 S. E., 472; *S. v. Henderson,* 206 N. C., 830, 175 S. E., 201; *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9. The authority so to do is now conferred by statute. G. S., 15-197.

Such disposition of the cause does not serve to delay or defeat the defendant's right of appeal. 15 Am. Jur., 135; *S. v. Calcutt, supra.*

But the order suspending the imposition or execution of sentence on condition is favorable to the defendant in that it postpones punishment and gives him an opportunity to escape it altogether. When he sits by as the order is entered and does not then appeal, he impliedly consents and thereby waives or abandons his right to appeal on the principal issue of his guilt or innocence and commits himself to abide by the stipulated conditions. He may not be heard thereafter to complain that his conviction was not in accord with due process of law. *S. v. Crook, supra; S. v. Everitt, supra; S. v. Tripp, supra; S. v. Ray, supra; S. v. Henderson, supra; S. v. Pelley,* 221 N. C., 487, 20 S. E. (2d), 850.

He is relegated to his right to contest the imposition of judgment or the execution of sentence, as the case may be, for that there is no evidence to support a finding that the conditions imposed have been breached,

STATE *v.* MILLER.

*S. v. Johnson,* 169 N. C., 311, 84 S. E., 767, or the conditions are unreasonable and unenforceable, or are for an unreasonable length of time. *S. v. Shepherd,* 187 N. C., 609, 122 S. E., 467.

It follows as a corollary that such order is in substitution of the right of the court to pronounce judgment or invoke execution, after the adjournment of the term, so long as the defendant observes the conditions imposed. *S. v. Hilton, supra; S. v. Phillips,* 185 N. C., 614, 115 S. E., 893; *S. v. Rogers,* 221 N. C., 462, 20 S. E. (2d), 297; Anno. Cas., 1912 B, 1193.

It is otherwise when the order continuing prayer for judgment is not predicated upon stipulated conditions. *S. v. Graham, post,* 217.

The defenses available to the defendant involve questions of fact for the judge and not issues of fact for a jury, *S. v. Hardin, supra; S. v. Johnson, supra,* and the pertinent statutes fail to provide for an appeal from the adverse findings of a judge of an inferior court upon which judgment is imposed or execution is invoked. The remedy of the defendant is by *certiorari* if the trial court is a court of record, otherwise by *recordari. S. v. Crook, supra; S. v. Tripp, supra; S. v. Rhodes,* 208 N. C., 241, 180 S. E., 84; *S. v. King,* 222 N. C., 137, 22 S. E. (2d), 241.

Our jurisdiction is derivative. As the Superior Court was without jurisdiction to entertain the defendant's appeal from the county criminal court, we have none. *Burroughs v. McNeill,* 22 N. C., 297; *Reid v. Reid,* 199 N. C., 740, 154 S. E., 733; *Washington County v. Land Co.,* 222 N. C., 637, 24 S. E. (2d), 338; *Shepard v. Leonard,* 223 N. C., 110; *S. v. King, supra.*

To any suggestion that the course here pursued is unnecessarily technical and dilatory, impeding the prompt and efficient administration of the criminal law, there is a simple answer. No circumstance or condition is sufficient justification for the assumption of jurisdiction we do not possess. If we are to interpret and apply the law, we must first abide by the law.

The defendant should be allowed a reasonable time within which to apply for a proper writ which will assure him an orderly review of the order of the judge of the Anson County Criminal Court, revoking the probation.

For the reason stated the appeal is dismissed and the cause is remanded for further proceedings in accord with this opinion.

Appeal dismissed.