city or town. Such action, if maintainable at all, must be instituted by a landowner whose property is affected by the change, and who will suffer some peculiar and special injury by reason of it; an injury not suffered by the public generally. *Moore v. Meroney,* 154 N. C., 158, 69 S. E., 838; *Trotter v. Franklin,* 146 N. C., 554, 60 S. E., 509; *Pedrick v. R. R.,* 143 N. C., 485, 55 S. E., 877. *Cf. Stratford v. Greensboro,* 124 N. C., 127, 32 S. E., 394; *Sanders v. R. R.,* 216 N. C., 312, 4 S. E. (2d), 902; and *Sanders v. Smithfield,* 221 N. C., 166, 19 S. E. (2d), 630.

In *Trotter v. Franklin, supra,* the appeal was from an order dissolving a restraining order theretofore issued at the instance of the plaintiff, a taxpayer of the Town of Franklin, to prevent the town authorities from closing a street on which the plaintiff owned no property. The holding of this Court is succinctly stated in the syllabus of the opinion, as follows: "Matters relating to closing by-streets of a town are of a ministerial character, exclusively within the proper action of the town authorities, and not subject to regulation by the court at the suit of one upon the ground that he is a taxpayer."

It appears from the record herein that all persons, firms and corporations, now having any interest in property fronting on Fuller Street, in the City of Durham, have given their written consent to the closing of that part of the street which the defendant proposes to close. Therefore, for the reason herein stated, the order dissolving the temporary restraining order will be upheld.

Affirmed.

---

### STATE v. JESSIE FARRAR.

(Filed 5 June, 1946.)

**Criminal Law §§ 63, 68b—**

No appeal lies from an order that a suspended judgment be executed upon findings that defendant had violated the conditions upon which judgment was suspended.

APPEAL by defendant from *Frizzelle, J.,* at March Term, 1946, of ORANGE.

Criminal prosecution upon warrant issued out of the recorder's court of Chapel Hill, North Carolina, charging defendant with unlawful possession of "non tax paid liquor" "for the purpose of sale," etc. Upon trial defendant was found guilty and sentenced to jail for specified term—the judgment being suspended upon conditions stated. Thereafter, upon hearing on "order to show cause," the judge of recorder's

court, finding as a fact that defendant had violated the conditions upon which the said judgment was suspended, ordered the jail sentence into effect. Defendant, in open court, gave notice of appeal. The court, being of opinion that no appeal is provided in such case, denied the motion. Whereupon, defendant started serving the sentence, and was released upon *habeas corpus.* She then gave bond for appearance in Superior Court of Orange County. On hearing there the presiding judge approved and confirmed the judgment of recorder's court, and ordered same into execution. Defendant appeals therefrom to the Supreme Court. And the Attorney-General for the State moves to dismiss the appeal for lack of jurisdiction.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*A. A. McDonald for defendant, appellant.*

PER CURIAM. On the record as it appears in this Court, the motion of the State to dismiss the appeal is allowed on authority of *S. v. Miller,* 225 N. C., 213, 34 S. E. (2d), 143, and cases cited, including *S. v. King,* 222 N. C., 137, 22 S. E. (2d), 241.

Appeal dismissed.