STATE v. BOYD MARTIN ROBINSON.

(Filed 27 September, 1950.)

**Criminal Law § 62f—**

> Where upon conviction of abandonment, prayer for judgment is continued upon condition that defendant pay costs and "a sum equal to the amount he receives from the Veterans Administration pursuant to the G.I. Bill of Rights on account of his dependents," the failure of defendant to make further payments after his receipt of benefits from the Veterans Administration has terminated cannot be held a violation of the conditions of the suspension of judgment and cannot justify order of execution.

APPEAL by defendant from *Rudisill, J.,* August Term, 1950, of YANCEY.

This is a criminal action tried upon an indictment charging the defendant with the unlawful and willful abandonment of his wife and children without providing adequate support for them.

The defendant pleaded guilty as charged in the bill of indictment, at the March Term, 1948, of the Superior Court of Yancey County. Prayer for judgment was continued for a period of five years upon payment of the costs, and "on condition that the defendant contribute to the support of his wife and children at all times a sum equal to the amount he receives from the Veterans Administration pursuant to the G.I. Bill of Rights on account of his dependents."

At the March Term, 1950, of the Superior Court of Yancey County, the court found as a fact that the defendant paid the costs of the action and that he is not now drawing any benefits from the Veterans Administration under the G.I. Bill on account of his dependents; that he had received no such benefits since July, 1948, said payments having been terminated as of that date; and that the defendant did contribute to the support of his family as required by the conditions of the suspended judgment until such payments were terminated.

The court further found as a fact that the defendant had contributed nothing during the last five months to the support of his one year old child, now residing with its mother (the defendant and his wife have not lived together since February, 1950, and since that time their other child has lived with the defendant), and held such failure to be a violation of the terms of the suspended judgment. Whereupon the court sentenced defendant to serve six months in jail to be assigned to work under the supervision of the State Highway & Public Works Commission. The defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Bill Atkins for defendant.*

DENNY, J.   The defendant contends he has complied with the terms and conditions upon which the original judgment was suspended, and that his contention is supported by the finding of the court to the effect that he paid the costs of the action and contributed to the support of his wife and children all sums received by him from the Veterans Administration since the suspension of the judgment.

Undoubtedly the court intended to require the defendant to contribute to the support of his wife and children each month, during the period of suspension, a sum equal to that he was then receiving from the Veterans Administration on account of his dependents, but unfortunately the conditions upon which the judgment was suspended were not so stipulated. We think the contention of the defendant must be upheld.   This seems to be a case where the defendant wins in this particular round on a "technical knockout."   *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143.

Let the judgment be vacated.

Judgment vacated.