STATE *v.* MAPLES.

in the warrant above, "which plea is accepted by the State," and that thereupon the court entered judgment imposing sentence as specified.

On the other hand, the case on appeal states that the defendant entered a plea of *nolo contendere* and agreed that the judge should hear the evidence, find the facts, and render such verdict as the testimony indicated.

From judgment pronounced defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Elbert E. Foster and J. F. Flowers for defendant, appellant.*

———

STATE v. BILLIE MAPLES.

(Filed 29 November, 1950.)

**1. Criminal Law § 63—**

No appeal lies from an order that a suspended judgment be executed upon findings that defendant had violated one of the conditions of suspension.

**2. Criminal Law § 67a—**

Where the Superior Court has no jurisdiction of an attempted appeal from the Recorder's Court, the Supreme Court can acquire no jurisdiction by further appeal.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* May Term, 1950, of MOORE. Appeal dismissed.

Defendant was convicted in the Recorder's Court of Moore County for a violation of the Motor Vehicle Law. The judgment pronounced was suspended on specified conditions. Thereafter the judgment was invoked for breach of one of the conditions imposed. Defendant appealed

to the Superior Court. The court below dismissed the appeal for want of jurisdiction and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Walter F. Brinkley, Member of Staff, for the State.*
*Seawell & Seawell for defendant, appellant.*

PER CURIAM. The judgment of the court below dismissing defendant's purported appeal from the county court must be affirmed on authority of *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241; *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; and *S. v. Farrar,* 226 N.C. 478, 38 S.E. 2d 193. Since the court below had no jurisdiction to hear the appeal, we have none. *Shepard v. Leonard,* 223 N.C. 110, 25 S.E. 2d 445. Therefore, we have no authority, on this appeal, to entertain defendant's motion in arrest of judgment.

Appeal dismissed.

JOHNSON, J., took no part in the consideration or decision of this case.