### STATE v. W. U. STALLINGS.

(Filed 10 October, 1951.)

**1. Criminal Law § 62f—**

The trial court has the discretionary power to suspend judgments for a reasonable length of time conditioned upon defendant's obedience to the law.

**2. Same—**

Prior to the effective date of Chap. 1038, Session Laws of 1951, a defendant's sole remedy to test the validity of an order of the Recorder's Court executing a suspended sentence was by *certiorari* or *recordari* challenging the order upon the ground that there was no sufficient evidence to support the finding of condition broken or the ground that the conditions were unreasonable or unenforceable or for an unreasonable length of time.

**3. Same—**

Review of an order executing a suspended sentence upon a writ of *recordari* from the Superior Court to the Recorder's Court is limited to the facts as they appear of record and the Superior Court may not hear evidence and determine the matter *de novo.*

**4. Same—**

Where the sole fact of record forming a basis of the recorder's order executing a suspended judgment is a statement by the defendant to an officer that the officer would not have to worry about catching him as he had already been arrested, the record evidence is insufficient to support a finding that defendant had violated the conditions of the suspended sentence that he remain law abiding for the period of suspension, and the affirmance of the recorder's order is reversed.

APPEAL by defendant from *Hatch, Special Judge,* February Term, 1951, of JOHNSTON. Reversed.

The defendant was found guilty in the Recorder's Court of Johnston County on charge of possession of intoxicating liquor for the purpose of sale in July, 1949, and the following sentence imposed: "four months jail to be worked on road, suspended on payment of $50 fine and court costs. Defendant not to violate prohibition laws for two years." Defendant did not appeal. The fine and costs have been paid. This case was numbered 10,158.

On 31 December, 1950, officers went to defendant's premises and read a search warrant, which, however, does not appear to have been issued in accordance with the statute, G.S. 15-27. The defendant was present and had a pint of nontax-paid whisky in his hand. On the trial in Recorder's Court 10 January, 1951, on charge of unlawful possession of intoxicating liquor, defendant was found guilty and sentence imposed. From this judgment defendant appealed and the case is now pending in the Superior Court of Johnston County.

At the same time the Recorder's Court entered the following order: "The court further finds as a fact that defendant W. U. Stallings has violated the conditions of the suspended sentence in Case #10,158, for that he made a voluntary statement to an officer of the law, after the search of his premises, to the effect 'when you are caught, you are caught,' and that the defendant made another voluntary statement to an officer of the law, after the search of his premises, to the effect that the officer to whom the statement was addressed would not find it necessary to attempt to apprehend him upon the highways because he had previously been caught by other officers."

Upon these findings execution of the suspended sentence was ordered.

The defendant moved before the judge of the Superior Court for writ of *certiorari* and for review of the order imposing the suspended sentence. This was allowed, and the matter came on for hearing in the Superior Court of Johnston County. The presiding judge heard additional evidence, made findings of fact based thereon, and entered judgment that the suspended sentence be put into effect. Defendant excepted and appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Robert B. Broughton, Member of Staff, for the State.*
*Shepard & Wood for defendant, appellant.*

DEVIN, C. J.   The power of a court, in proper case, to suspend judgment on conviction of a criminal offense for a reasonable length of time, conditioned upon continued obedience to the law, is well recognized in this jurisdiction, and frequently exercised in order to carry out the more humane concept of the purpose of punishment for crime. *S. v. Tripp,* 168 N.C. 150, 83 S.E. 630; *S. v. Wilson,* 216 N.C. 130, 4 S.E. 2d 440; *S. v. Gibson,* 233 N.C. 691 (698), 65 S.E. 2d 508; G.S. 15-200.   The propriety of suspending the sentence, ordinarily, is a matter resting in the sound discretion of the trial judge.   The General Assembly has endeavored to implement the power of the court in this respect by making further provisions for probation and supervision.   G.S. 15-197 *et seq.*

Where for violation of one or more of the conditions of suspension the sentence was ordered into effect, the defendant, having impliedly consented to the conditions, had no right of appeal.   However, he was not without remedy from an improper judgment, and when it was made to appear that a substantial wrong has been done, the Superior Court had power by writs of *certiorari* or *recordari* to review the action of the lower court.   But in such case the court acted on the facts as they appeared of record, considering only the questions of law thus raised, with power to affirm, reverse or revise the judgment complained of.   *S. v. Tripp,* 168 N.C. 150, 83 S.E. 630; *S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241; *S. v. Maples,* 232 N.C. 732, 62 S.E. 2d 52.   The defendant could contest the validity of the judgment ordering execution of the suspended sentence upon the ground that there was no evidence to support the finding that the conditions of suspension have been violated, or that the conditions were unreasonable and unenforceable, or for an unreasonable length of time.   *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Robinson,* 232 N.C. 418, 61 S.E. 2d 106; *S. v. Smith,* 233 N.C. 68, 62 S.E. 2d 495; *S. v. Gibson,* 233 N.C. 691, 65 S.E. 2d 508; *S. v. Rhodes,* 208 N.C. 241, 180 S.E. 84.   While it is not entirely clear that the Recorder's Court judgment in the case at bar made observance of the laws relating to intoxicating liquor a condition upon which the judgment was suspended, it was so understood by the court without objection by the defendant on that score.

It may be noted that since this case was heard below, the General Assembly has amended the procedure incident to invoking suspended sentences imposed by courts inferior to the Superior Court (Chapter 1038, Session Laws 1951, ratified 14 April, 1951), and it is now provided that in such case the defendant shall have right of appeal to the Superior Court

where the matter shall be heard *de novo,* but only on the issue whether or not the terms of the suspended sentence have been violated. The provisions of this statute, however, may not be applied to the case at bar which was heard below at February Term, 1951.

Apparently the court below heard the matter *de novo* and permitted the introduction of additional evidence and made findings of fact upon which judgment was rendered affirming the judgment of the Recorder. *S. v. Rhodes, supra.* However, treating the judgment below as an affirmance of the Recorder's Court judgment on the facts found by the Recorder, we think there was error. The only fact which formed the basis of the Recorder's ruling that the defendant had violated the condition of the suspended sentence relating to intoxicating liquor was the purported statement of the defendant to an officer, "when you are caught, you are caught." This statement, however, does not appear in the record of the evidence heard by the Recorder. The record shows that the Recorder also based his finding on testimony of a statement made by the defendant to a highway patrolman that this officer would not have to worry about catching him on the highway as the "officers had already got him."

We are constrained to hold that on the record before us the evidence heard by the Recorder and reported as forming the basis of his ruling is insufficient to support the finding that defendant had violated the conditions of the suspended sentence as set out in the original judgment. There was error in affirming the Recorder's judgment.

The charge against this defendant for the unlawful possession of intoxicating liquor on 31 December, 1950, is pending in the Superior Court of Johnston County on defendant's appeal from the Recorder's judgment. That case will be heard *de novo* unaffected by the ruling on the present appeal.

For the reason stated, the judgment affirming the ruling of the Recorder on the suspended sentence must be

Reversed.