### STATE v. TOM WHITLEY THOMAS.

(Filed 24 September, 1952.)

**1. Criminal Law §§ 14, 76a—**

> In a hearing upon a writ of *certiorari* to a recorder's court, the Superior Court is limited to questions of law or legal inference, and must act on the facts as they appear of record, and therefore on such hearing, challenging an order of the recorder's court executing a suspended judgment, defendant is not entitled to offer evidence either in regard to the facts and circumstances relating to the violation of the conditions of the suspended judgment or to whether the court should exercise its discretion and continue defendant on probation.

**2. Criminal Law § 62f—**

> The right to appeal from order executing a suspended judgment does not apply to a person under the supervision of the Probation Commission. Chap. 1038, Session Laws of 1951.

**3. Criminal Law § 17c—**

> A plea of *nolo contendere* may be entered only by leave of court, and such plea establishes the fact of guilt only for the purpose of punishment in the particular case in which it is entered, and cannot be used against the defendant as an admission in a subsequent civil action or a subsequent criminal proceeding. A finding by the court upon such plea that defendant is guilty is surplusage.

**4. Criminal Law § 62f—**

> A suspended judgment cannot be put into execution solely on the basis of defendant's plea of *nolo contendere* in a subsequent legal action, even though the fact of guilt in such action would be a violation of the condi-

tions of suspension, but the solicitor must prove the fact of guilt by evidence *aliunde.*

**5. Same—**

A suspended sentence should not be invoked on the unverified report of the Probation Officer.

APPEAL by defendant from *Frizzelle, J.,* at July Term, 1952, of EDGECOMBE.

Criminal prosecution upon a warrant, No. 19246, issued out of the recorder's court of Edgecombe County, North Carolina, charging that defendant did unlawfully and willfully (1) transport, and (2) have in his possession six gallons of nontax-paid whiskey against the form of the statute, etc., heard in Superior Court of Edgecombe County upon defendant's petition for *certiorari* to bring up for review, and for reversal of judgment invoking a suspended sentence of imprisonment entered by said recorder's court.

In this connection, Tom Whitley Thomas applied to the judge holding the courts of the Second Judicial District, by verified petition, in which, after reciting the fact of a suspended judgment, on conditions stated, and the revocation thereof, set forth the following: "That no right of appeal is provided by statute in such cases, and that, as your petitioner is informed and verily believes, the said judgment revoking said probation, so in form rendered, was and is improper, irregular and erroneous for the following reasons, to wit: Your petitioner has not violated the terms or conditions of probation warranting or justifying revocation; and, further, the punishment invoked as a result of the revocation of probation is unduly harsh, cruel and unusual in violation of the Constitution." Thereupon petitioner prayed that a writ of *certiorari* issue.

And pursuant to an order of the judge aforesaid, the records of the recorder's court were certified 2 June, 1952, and as so certified, showed in the main the following: 1. At the 2 October, 1951, term of the recorder's court aforesaid the defendant entered a plea of guilty to the crimes of transporting, and possession of nontax-paid whiskey. Thereupon the court sentenced defendant to jail, to be assigned to work under the supervision of the State Highway and Public Works Commission of North Carolina for a period of two years. This sentence was suspended and defendant was placed on probation for a period of five years under the supervision of the North Carolina Probation Commission and its officers, subject to the provisions of the laws of this State and the rules and orders of said commission and its officers with leave that execution might be prayed at any time during the period of probation.

The conditions of probation, among others, are these: That defendant pay $2,000.00 fine and $174.95 costs; that his car be confiscated and

ordered sold according to law; that whiskey be confiscated and destroyed in such manner as directed by the Probation Commission; and that defendant "violate no penal law of any State or the Federal Government and be of general good behavior." The fine and costs were paid "10/9/51."

2. Thereafter on 11 March, 1952, the Probation Officer made "his official report on the conduct of the above named petitioner," as required by Section 4 of Chapter 132, Public Laws 1937, in which petition, after reciting the judgment, and terms of the judgment suspended as above recited, set forth: "Now, therefore, the above named probationer has violated conditions of his probation judgment in that he entered a plea of *nolo-contendere* in recorder's court, Greenville, North Carolina, February 12, 1952, to a charge of operating a motor vehicle after his license had been suspended, and was found guilty by the court; and given a 90-day sentence, which sentence was suspended upon the condition that the defendant pay a fine of $200 and the costs; and upon the recommendation that his license be suspended for two additional years.

"Now, therefore, your probation officer prays the court to make suitable disposition in this case." (Note: This report and petition does not appear to have been verified.)

3. Thereupon, on 11 March, 1952, the judge of the recorder's court of Edgecombe County entered an order in which it is recited that "defendant appeared in open court to answer the charge of violating the conditions of a probation judgment imposed upon him at the October 2, 1951 term," etc., and that, "it now, therefore, appears to the court, and the court finds as a fact, from a written report submitted by the probation officer, and the defendant's own admission in open court that the above named defendant, Tom Whitley Thomas, has violated conditions of his probation judgment, in that he entered a plea of *nolo contendere* in recorder's court, Greenville, North Carolina, February 12, 1952, to a charge of operating a motor vehicle after his license had been suspended and was found guilty by the court and given a 90-day sentence, which sentence was suspended upon the condition that the defendant pay a fine of $200.00 and the costs; and upon the recommendation that his license be suspended for two additional years." And thereupon the judge of recorder's court adjudged "that probation be and the same is hereby revoked and the two-year sentence imposed in case No. 19246 and suspended, is hereby ordered put into effect . . ."

The case on appeal before this Court discloses that upon the call of the case for trial, apparently in Superior Court, defendant, the petitioner, announced to the court that he had some 15 or 20 witnesses which he desired to place upon the stand to testify in his behalf, which testimony would touch upon the circumstances and facts surrounding his having

operated his motor vehicle after his license was revoked as set out in the record, and touching upon the reasonableness of the punishment and as bearing upon the question of whether or not the court in its discretion should continue the defendant on probation. Whereupon the solicitor objected to any testimony whatever being offered. The objection was sustained and defendant excepted. Exception No. 1.

Whereupon the solicitor moved the court to dismiss the petition and deny the writ and remand the case for execution of sentence. The motion was granted, and defendant excepted. Exception No. 2.

The presiding judge, after reviewing the record as so certified, and reciting that "it further appearing that the defendant did not appeal either from the judgment sentencing him to the roads, suspended upon payment of the fine, or from the judgment revoking the probation judgment, and took no action with respect to the same, until the filing of application for writ of *certiorari* before the judge holding the courts of the Second Judicial District on the 20th day of March 1952, the court is of opinion that upon the admitted facts and these findings the defendant is not entitled to *certiorari*," ordered that defendant's motion for *certiorari* be denied, and that the cause be remanded to the recorder's court of Edgecombe County for the execution of the judgment theretofore entered in that court on 11th day of March, 1952.

Defendant excepted, Exception No. 3, and appeals therefrom to the Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and C. G. Powell, Member of Staff, for the State.*

*Cameron S. Weeks and T. Chandler Muse for defendant, appellant.*

WINBORNE, J. Defendant, appellant, here presents for consideration and decision three assignments of error based upon exceptions duly taken on the hearing before the judge of Superior Court.

The exceptions are: Number 1, to the refusal of the judge of Superior Court, upon hearing on the record certified from the recorder's court of Edgecombe County, to hear testimony touching upon (a) the circumstances and facts surrounding defendant's having operated his motor vehicle after his license had been revoked, as set out in the record, and (b) the reasonableness of the punishment as bearing upon the question whether or not the court in its discretion should continue defendant on probation;

Number 2, to the dismissal of defendant's petition for writ of *certiorari,* and remanding the case for execution of sentence; and

Number 3, to the signing of the judgment from which this appeal is taken.

Assignment of Error No. 1 is untenable for that when a criminal action has been brought from an inferior court to the Superior Court by means of a writ of *certiorari,* the Superior Court acts only as a court of review, and in all ordinary instances must act on the facts as they appear of record and can only revise the proceedings as to regularity or on questions of law or legal inference.  *S. v. Tripp,* 168 N.C. 150, 83 S.E. 630; *S. v. Rhodes,* 208 N.C. 241, 180 S.E. 84; *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241; *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Smith,* 233 N.C. 68, 62 S.E. 2d 495; *S. v. Stallings,* 234 N.C. 265, 66 S.E. 2d 822.

It is pertinent to note that the provisions of Chap. 1038 of 1951 Session Laws of North Carolina, providing that in all cases where a suspended sentence theretofore entered in a court inferior to the Superior Court is invoked by the court inferior to the Superior Court, the defendant shall have the right to appeal therefrom to the Superior Court, and, upon such appeal, the matter shall be heard *de novo,* but only upon the issue of whether or not there has been a violation of the terms of the suspended sentence, by express proviso, do not apply to a person under the supervision of the Probation Commission, as is the present defendant.   Why the exception is made, is not before us.

However, the exceptions on which assignments of error Numbers 2 and 3 are based are well taken.   These raise the question as to whether error in matters of law appear upon the face of the record.   *Culbreth v. Britt Corp.,* 231 N.C. 76, 56 S.E. 2d 15.

The judge of Superior Court was authorized to consider the facts as they appear of record, and could only revise the proceedings as to regularity, or on questions of law or legal inference.   *S. v. Tripp, supra.*   But it appears here that the judge of Superior Court made findings of fact which were taken into consideration in his decision, and that his decision is predicated in part upon the fact that defendant did not appeal from the judgment revoking the probation judgment, and that he did not take any action with respect to the same until the filing of application for writ of *certiorari.*   As above held, right of appeal was not open to defendant. His only redress was by petition for writ of *certiorari.   S. v. King, supra.*

Moreover, it is apparent from the record that all through the proceeding there is confusion as to the effect of a plea of *nolo contendere* in the case in which it was entered, and its consequences outside the particular case.   The text writers and annotators, interpreting decisions of the courts of the land, say (1) that "all the decisions are in agreement that the plea of *nolo contendere* cannot be entered by a defendant as a matter of right, but is pleadable only by leave of the court,"—that "its acceptance by the court is entirely a matter of grace."   Ann. 152 A.L.R. 253, at p. 267, citing among other cases *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473; *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; (2) that in all decisions in point

the legal effect of the plea of *nolo contendere,* after it has been offered by the defendant and accepted by the court, in respect to the case in which it is interposed, is that it becomes an implied confession of guilt, and for the purposes of the case only, equivalent to a plea of guilty. Ann. 152 A.L.R. 253, at 273; and (3) that as to consequences of plea outside the case, "the fundamental rule, as unanimously accepted by all the courts as the rule expressing the effect of the plea in the case, is that while the plea of *nolo contendere* may be followed by a sentence, it does not establish the fact of guilt for any other purpose than that of the case to which it applies." That "the difference between it and a plea of guilty, therefore, simply is that while the latter is a confession that binds the defendant in other proceedings, the former has no effect beyond the particular case." That "consequently it cannot be used against the defendant as an admission in any civil suit for the same act." And, that "the rule seems to be the same in case of a later criminal proceeding." Ann. 152 A.L.R. 253, at 280. See also 14 Am. Jur. 954.

The plea of *nolo contendere* has been interposed and accepted in numerous cases in North Carolina, among which are these: *S. v. Burnett, supra; S. v. Parker, supra; S. v. Ayers,* 226 N.C. 579, 39 S.E. 2d 607; *S. v. Beasley,* 226 N.C. 580, 39 S.E. 2d 607; *S. v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185; *S. v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79; *S. v. Jamieson,* 232 N.C. 731, 62 S.E. 2d 52; *S. v. Horne,* 234 N.C. 115, 66 S.E. 2d 665.

In *S. v. Burnett, supra,* it is said: "A plea of *nolo contendere* . . . is equivalent to a plea of guilty in so far as it gives the court the power to punish . . . The only advantage in a plea of *nolo contendere* gained by the defendant is that it gives him the advantage of not being estopped to deny his guilt in civil action based upon the same facts. Upon a plea of guilty entered of record, the defendant would be estopped to deny his guilt if sued in a civil proceeding."

And in *In re Stiers,* 204 N.C. 48, 167 S.E. 382, this Court held "that a plea of *nolo contendere* does not amount to a conviction or confession in open court of a felony," . . . and "that as a disbarment proceeding is of a civil nature, the mere introduction of a certified copy of an indictment, and judgment thereon, based upon a plea of *nolo contendere,* is not sufficient to deprive an attorney of his license,—certainly when he is present in court, denying his guilt and strenuously contending that his fault, if any, rested upon a technical violation of a statute."

And in *S. v. Stansbury, supra,* in opinion by *Ervin, J.,* it is said: "The defendant's plea of *nolo contendere* . . . was tantamount to a plea of guilty for the purposes of this particular criminal action."

In the light of these principles, since this Court has recognized the ruling that a plea of *nolo contendere* cannot be used against a defendant

as an admission in a civil action and in an action of the nature of a civil action, *In re Stiers, supra,* it seems reasonable and logical that such plea ought not to be used against the defendant as an admission in any other criminal action. Hence we hold that a plea of *nolo contendere* entered by defendant in the recorder's court, at Greenville, N. C., to the charge of operating his automobile after his license had been suspended cannot be used against him as an admission on the question as to whether or not he has violated the condition of the judgment suspended by the recorder's court of Edgecombe County. Proof of such violation, if any, must be made independently of such plea, or of evidence or admission by defendant, that such plea was made.

Moreover, the law does not sanction a conditional plea of *nolo contendere. S. v. Horne, supra.* Hence if defendant entered a plea of *nolo contendere* in the recorder's court at Greenville, N. C., to the charge of operating a motor vehicle after his license had been suspended, the basis on which it is contended he violated the conditions of his probation judgment, and it was accepted by the court, the recorder may not find him guilty of the charge. Thus the super-added clause "and was found guilty by the court" would be a misapprehension of the effect of a plea of *nolo contendere* in a criminal action, and could not be upheld. See *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324, and numerous other cases.

This is so, whether the misapprehension originated with the recorder of the Greenville court or with the probation officer. Further, it may be observed here that the suspended sentence should not be invoked on the unverified report of the probation officer.

"The matters involved—the enforcement of the criminal law and the liberty of the citizen—are worthy of exactitude and clear understanding," declared the late *Chief Justice Stacy* in *S. v. Horne, supra,* in opinion written in accordance with the Court's decision and filed by order of the Court after his death. So say we all now on this appeal.

For errors pointed out, the judgment of the Superior Court from which this appeal is taken, and the judgment of the recorder's court of Edgecombe County invoking the suspended sentence will be set aside, and the cause remanded to the Superior Court of Edgecombe County to be by it remanded to the recorder's court of said county for hearing in accordance with law and justice, on the question of fact as to whether defendant has violated the condition on which the sentence was suspended,—at which hearing defendant shall have an opportunity to be heard, and to offer evidence.

Error and remanded.