STATE *v.* STEPHENSON.

As to what occurred in the superior court, the record shows the following, nothing more:

"Defendant plead guilty to public drunkenness, whereupon the defendant was sentenced to the roads for a term of 30 days. Defendant in open court gives notice of appeal to the Supreme Court of North Carolina . . ."

Defendant's sole assignment of error is that said judgment is "incomplete, illegal and void."

*Attorney General Patton and Assistant Attorney General Bruton for the State.*

*E. R. Temple for defendant appellant.*

---

## STATE v. DAVID STEPHENSON

(Filed 20 November, 1957)

APPEAL by defendant from *Fountain, Special Judge,* August Term, 1957, of HARNETT.

Defendant was, at the November Term 1955 of the Superior Court of Harnett County, placed on trial on a bill of indictment charging him with breaking and entering. The bill signed by the foreman of the grand jury with the name of the witness examined checked was returned into court reading: "Those marked X sworn by the undersigned foreman, and examined before the Grand Jury, and this bill found——A TRUE BILL." Defendant pleaded not guilty. The jury returned a verdict of

guilty, prison sentence of five to seven years was imposed and suspended and defendant placed on probation for a term of five years with a special provision "that defendant not possess or drink any alcoholic beverages of any kind during the period of probation."

At the August Term 1957 defendant entered a plea of guilty to a charge of public drunkenness on 1 July 1956.

On motion to put the suspended sentence into effect a hearing was had. Judge Fountain found a wilful violation of the terms of probation including, *inter alia,* public drunkenness in accord with defendant's plea. He ordered the suspended sentence into effect. Defendant appealed.

*Attorney General Patton and Assistant Attorney General Moody for the State.*

*E. R. Temple for defendant appellant.*

PER CURIAM. No right of appeal is given. G.S. 15-180; *S. v. Tripp,* 168 N.C. 150, 83 S.E. 630; *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525. No error appears on the record. G.S. 15-141. *S. v. Harrison,* 104 N.C. 728.

The motion of the Attorney General to dismiss is allowed.

Appeal dismissed.