STATE OF NORTH CAROLINA v. WALTER LEE BRYANT, JR.

No. 8117SC1101

(Filed 6 April 1982)

Criminal Law § 86.3— impeachment of defendant—admission of prior conviction— further improper cross-examination

In a prosecution for breaking and entering in which defendant testified on cross-examination that he had been convicted of stealing a police radio from a police station, the trial court erred in permitting the State to further cross-examine defendant as to the details of the theft and his subsequent use of the radio to harass the police, since the cross-examination not only attacked defendant's credibility but also tended to establish him as a person who lacked respect for the law and for those who enforce it.

APPEAL by defendant from *Lamm, Judge.* Judgment entered 6 May 1981 in Superior Court, SURRY County. Heard in the Court of Appeals 10 March 1982.

Defendant was indicted for the felonious breaking and entering of a residence. The State's principal witness was Kenneth Holt, who testified that he, defendant, and two other persons entered the residence of Pauline Fulk on the afternoon of 25 October 1980 and removed various items of property from the house. The following day, Holt confessed his participation to Deputy Sheriffs Richard Bowman and Roger Cook. Officer Cook agreed not to oppose probation for Holt in return for his testimony against defendant. The two officers corroborated Holt's testimony. Pauline Fulk identified a number of items of property taken from her house.

State v. Bryant

Defendant presented alibi evidence, including his own testimony. From judgment entered on the jury's verdict of guilty, defendant appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Adam Stein, Appellate Defender, by Assistant Appellate Defender James H. Gold, for defendant-appellant.*

WELLS, Judge.

In one of his assignments of error, defendant contends that the trial court erred in allowing the State to cross-examine defendant as to the details of a prior conviction. The following excerpt from the record provides the basis for this assignment:

Q. What have you been tried and convicted of, Mr. Bryant?

A. I have been tried and convicted of a felony.

Q. What felony?

A. What do you mean?

Q. What felony was it that you were convicted of exactly, sir?

A. For stealing a radio out of a police station at Pilot Mountain.

Q. Stealing a radio out of a police station?

A. Yes, sir.

Q. Did you go in the station and take it out?

A. Yes, sir.

MR. EVERETT: Objection.

COURT: Overruled.

Q. You took that police radio up and down the streets of Pilot Mountain and talked back to the policemen on their radio, didn't you?

A. Yes.

---

---

Q. Telling them that you were on such and such a corner; then run away and radio back and tell them where you were again; when they would come toward you, you would run to another corner; isn't that correct?

A. Yes, I did.

Q. You kept that up having them scurrying all over town while all the time you were having a big time with their radio and them running after you, right?

MR. EVERETT: Objection.

COURT: Overruled.

A. Yes, I was drinking at the time and thought I was having fun.

Q. So you admit you were bold enough to go in the police department in broad daylight and take their property out into the streets —

MR. EVERETT: Objection, Your Honor.

COURT: Sustained.

We find that the extent and character of the inquiry here far exceeds the bounds established by our Supreme Court in *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977), where the court held that "[w]here a conviction has been established, a limited inquiry into the time and place of conviction and the punishment is proper." *Id.*, at 141. Not only does the cross-examination in this case attack defendant's credibility; it tends to establish him as a person who lacks respect for the law and those whose duty it is to enforce it, thus suggesting to the jury his guilt in this case.

Defendant's remaining assignment of error is based on exceptions to testimony he did not object to at trial. These exceptions may not be asserted on appeal. *See* App. R. 10(b)(1).

In addition to the active sentence given in this case, the defendant's probation in two other cases was revoked. The judgments below are vacated and defendant is to have a new trial.

Vacated;

New Trial.

Judges HILL and BECTON concur.