STATE OF NORTH CAROLINA v. RAYMOND LOUIS GREENHILL

No. 8314SC872

(Filed 21 February 1984)

1. **Criminal Law § 86.3— prior convictions—cross-examination of defendant**

   Any witness, including the defendant in a criminal case, may be cross-examined for impeachment purposes as to previous convictions, and if the witness admits a conviction, the cross-examiner is permitted a limited inquiry into the time and place of conviction and the punishment imposed.

2. **Criminal Law § 86.3— prior convictions—improper cross-examination of defendant**

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury in which defendant admitted prior convictions of assault, the trial court erred in permitting the State to cross-examine defendant about the nature of the weapons used in the prior assaults and about the gender of the victims.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 13 January 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 February 1984.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury. Evidence introduced at trial tended to show the following:

Defendant and the victim, Martha Swain, have known each other for a number of years and began dating about 1977. The

couple lived together "part of that time," and were living together on 7 July 1982, the day of the incident in question. Both defendant and Ms. Swain suffer from an admitted "drinking problem." Each reports a relationship historically characterized by physical conflict.

On 7 July 1982 Ms. Swain returned to her apartment to find the defendant asleep. She testified that defendant awoke while she was attempting to leave the apartment and that he struck her in the head, causing her to lose consciousness. When she regained consciousness, the defendant "slammed" her into a cabinet and stabbed her repeatedly with a butcher knife. She testified that this attack on her continued for "two, maybe three hours," and that she at no time attempted to defend herself, except to attempt to escape. Ms. Swain also testified that defendant repeatedly threatened to kill her, and that he held a knife to her throat throughout the night. After defendant left the apartment the following morning, Ms. Swain went to a neighbor's house and called a cab which took her to a friend's house located near a hospital. Her injuries required a ten-day hospitalization and subsequent plastic surgery. The victim testified that she continued to receive threats from the defendant after she was hospitalized, necessitating several changes in room assignment and the placement of security guards near her room.

The defendant, on the other hand, offered evidence tending to show that upon returning home Ms. Swain struck defendant in the back. Defendant then observed that the victim's face was "all bruised up." An argument ensued, and the victim began hitting the defendant with a claw hammer. After unsuccessfully attempting to evade the blows, defendant seized a paring knife and stabbed Ms. Swain. Defendant testified that the victim then put down the hammer but refused to seek medical attention for her wounds. The following morning the defendant left the apartment to buy beer and on his return found the victim gone.

Following trial before a jury, defendant was found guilty as charged and sentenced to a ten year prison term. He appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the action of the trial court in permitting the State "to question the defendant about the details of prior convictions for similar assaults." He contends that the State's questions "tended to suggest that the defendant was predisposed to commit" offenses similar to that with which he was charged.

[1] The law is well-settled that any witness, including the defendant in a criminal case, may be cross-examined for impeachment purposes as to previous convictions. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). If the witness admits the conviction, the cross-examiner is permitted "a limited inquiry into the time and place of conviction and the punishment imposed." *State v. Finch*, 293 N.C. 132, 141, 235 S.E. 2d 819, 824 (1977). Inquiry into prior convictions that exceeds the bounds established in *Finch* has been held reversible error. *State v. Bryant*, 56 N.C. App. 734, 289 S.E. 2d 630 (1982).

[2] In the instant case, defendant was questioned about "approximately" thirteen prior convictions of assault. Over objection the State specifically inquired about the nature of the weapons used in these cases and about the gender of the victims. We think these questions clearly exceed the permissible scope of inquiry set forth in *Finch*, and hold that the trial court erred in overruling defendant's objections to these questions. Furthermore, we cannot say that this error was not prejudicial to the defendant. The evidence presented at trial was highly controverted, and the credibility of the witnesses crucial to a resolution of the issues. Because the improperly admitted evidence may have influenced the jury's determination, we hold that defendant is entitled to a new trial.

It is not necessary that we discuss other assignments of error brought forward and argued in defendant's brief, since any error that might have been committed is not likely to occur at the next trial.

New trial.

Judges HILL and EAGLES concur.