STATE OF NORTH CAROLINA v. LARRY DONNELL HARRISON

No. 876SC1160

(Filed 5 July 1988)

1. **Criminal Law § 86.3— prior convictions of defendant—cross-examination proper**

    Cross-examination of defendant concerning his prior convictions and his behavior upon which those convictions were based was proper and did not exceed the boundaries established by *State v. Murray*, 310 N.C. 541.

2. **Criminal Law § 86.1— prior misconduct inadmissible on issue of defendant's truthfulness—error not prejudicial**

    The trial court erred in admitting testimony of defendant's prior misconduct in evading, resisting, and assaulting a police officer as probative of defendant's character for truthfulness, but such error was not reversible since defendant's testimony was properly impeached with evidence of prior convictions for breaking and entering, larceny, false pretense, shoplifting, disorderly conduct, creating a public disturbance, assault on a female, and resisting, delaying, and obstructing a police officer, and the improper testimony could not have appreciably undermined defendant's credibility and influenced the jury's verdict. N.C.G.S. § 8C-1, Rule 608(b).

3. **Criminal Law § 102.6— closing argument—reading of case law not allowed—error not prejudicial**

    Though the trial court erred in refusing to allow defense counsel to read appropriate case law regarding circumstantial evidence during the closing argument, such error was not prejudicial where defense counsel did thoroughly argue the law pertaining to circumstantial evidence in his closing argument, and there was no reasonable possibility that the court's error affected the jury's verdict. N.C.G.S. § 84-14; N.C.G.S. § 15A-1443(a).

APPEAL by defendant from *Fountain, Judge.* Judgments entered 15 May 1987 in Superior Court, HALIFAX County. Heard in the Court of Appeals 12 April 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Lorinzo L. Joyner, for the State.*

*Hux, Livermon & Armstrong, by James S. Livermon, for defendant-appellant.*

ORR, Judge.

Defendant was arrested and tried for felonious larceny, in violation of N.C.G.S. §§ 14-70 and 14-72(a), and assault with a deadly weapon with intent to kill inflicting serious injury, in violation of N.C.G.S. § 14-32(a). After a jury trial, defendant was found guilty of the crimes charged and sentenced to terms of five years for the larceny conviction and ten years for the assault conviction.

From the trial court's judgments, defendant appeals.

Facts relevant to the discussion of the issues on appeal are set forth below.

I.

[1] On appeal, defendant first contends the State exceeded the scope of permissible cross-examination, when questioning him about his prior convictions.

The cross-examination challenged by defendant consisted of the following:

Q. Your lawyer asked you what you had been convicted of. You said you had been convicted of breaking and entering and larceny; is that correct?

A. Yes, sir.

Q. That was a breaking and entering and larceny of a store in Enfield?

. . .

Q. Is that correct?

A. Yes, sir.

Q. Stealing from that store, groceries, wine and beer?

. . .

A. Yes, sir.

Q. Is that what you did?

A. Yes, sir.

Q. And, the obtaining property by false pretense, I'll ask you in that case, did you not steal a man's checks and forge his checks?

. . .

Q. Is that not what that consisted of?

A. That's what they meant to be.

Q. Excsue [sic] me. Would you speak loud enough—

A. That's what it was meant to be, yeah.

Q. That what who meant that to be?

. . .

A. Well, that's what they charged me with, yes.

Q. Is that not what you did—

. . .

Q. —take the checks of another person and forge those checks?

A. No, sir.

Q. What did you do?

. . .

A. I cashed the check. That belonged to someone else.

Q. That belonged to somebody else?

A. Yes.

Q. Did you forge that check?

. . .

A. No, sir.

Q. You didn't do that? You just cashed it?

A. Yes, sir.

Q. Is that all you did?

A. Yes, sir.

Q. Was cash somebody else's check?

A. Yes, sir.

Q. You knew the check wasn't yours?

. . .

A. Yes, sir. At the time I did.

. . .

Q. You also been convicted, have you not, of carrying a concealed weapon?

A. Yes, sir.

Q. Would you please kindly tell the members of the Jury what that weapon was?

. . .

A. It was a knife.

Q. A knife?

A. Yes, sir.

In *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977), the Supreme Court held that once a conviction was established, a limited inquiry on cross-examination, as to the time and place of conviction and the punishment imposed, was permissible. Our Court further said that cross-examination exceeding the *Finch* limitations was reversible error. *State v. Greenhill*, 66 N.C. App. 719, 311 S.E. 2d 641 (1984); *State v. Bryant*, 56 N.C. App. 734, 289 S.E. 2d 630 (1982).

In *State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984), the Supreme Court implicitly expanded the scope of cross-examination for prior convictions by holding "that, rather than phrasing

questions only in terms of convictions, the prosecutor may ask about the circumstances of a prior conviction in the same way he would ask about any specific prior misconduct." 310 N.C. at 551, 313 S.E. 2d at 530.

Based upon the standard enunciated in *Murray*, the Supreme Court found the following cross-examination concerning prior convictions was proper:

> Q. And on the same day, the 26th of April, 1976, were you convicted of assaulting Nathanial Mosely, by hitting him with your fists?
>
> A. Yes, I was.
>
> . . .
>
> Q. On the 18th of April, 1978, were you convicted of communicating threats by threatening to kill Wayne Watkins, and blow up his store?
>
> A. No, sir. I got charged with it, but I didn't do that. I got probation on that, but I didn't do that.
>
> Q. Well, were you convicted of that?
>
> A. I was with some friends, I guess yeah.
>
> Q. You were with some friends so you got convicted with them?
>
> A. Yes, sir.
>
> . . .
>
> Q. On the 22nd of July, 1981, July a year ago, were you convicted of assault with a deadly weapon inflicting serious injury by beating Charles Elbert Corbett on the head with a pistol on April the 11th, 1981?
>
> A. Yes, sir.
>
> Q. And you were sentenced to prison for that, is that correct?
>
> A. Two year sentence.

---

---

Q. And did you, in fact, hit Charles Elbert Corbett on the head with that pistol?

A. No, sir.

*State v. Murray*, 310 N.C. at 549-550, 313 S.E. 2d at 529-530.

After comparing the cross-examination in *Murray* with defendant's, we conclude that while the cross-examination in this instance was not as concise and succinct as the one in *Murray*, its scope did not exceed the boundaries established by *Murray*.

For this reason, we find no error in the admission of this cross-examination at trial, and we overrule this assignment of error.

## II.

[2] Defendant next assigns error to testimony elicited on his cross-examination pertaining to his prior acts of misconduct.

N.C.G.S. § 8C-1, Rule 608(b) permits specific instances of conduct to be inquired into on cross-examination, at the trial court's discretion, if probative of the witness's character for truthfulness or untruthfulness.

The types of conduct most widely accepted as indicative of a defendant's character for truthfulness are " 'use of false identity, making false statements on affidavits, applications or government forms (including tax returns), giving false testimony, attempting to corrupt or cheat others, and attempting to deceive or defraud others.' . . . On the other hand, evidence routinely disapproved as irrelevant to the question of a witness' general veracity (credibility) includes specific instances of conduct relating to 'sexual relationships or proclivities, the bearing of illigitimate [sic] children, the use of drugs or alcohol, . . . *or violence against other persons.*' " *State v. Morgan*, 315 N.C. 626, 635, 340 S.E. 2d 84, 90 (1986) (citations omitted and emphasis supplied).

In the present case, the challenged testimony concerned defendant's prior misconduct of evading, resisting, and assaulting a police officer.

These acts do not involve fraud, trickery, or deceit. Therefore, we find the trial court erroneously admitted testimony of

this misconduct as probative of defendant's character for truthfulness.

Admission of this testimony is not, however, reversible error. To obtain a new trial, defendant is required to show a reasonable possibility that but for this error he would have been found innocent of the crimes charged. N.C.G.S. § 15A-1443(a) (1983). This, defendant has failed to do.

The record discloses that defendant's testimony was properly impeached with evidence of prior convictions for breaking and entering, larceny, false pretense, shoplifting, disorderly conduct, creating a public disturbance, assault on a female, and resisting, delaying and obstructing a police officer. In light of the properly admitted prior convictions, we conclude the cross-examination complained of could not have appreciably undermined defendant's credibility and influenced the jury's verdict. We overrule this assignment of error.

### III.

[3] Finally, defendant contends the trial court erred in preventing his counsel from reading certain case law in the closing argument.

N.C.G.S. § 84-14 governs a trial court's control over oral argument and provides, in pertinent part: "In jury trials the whole case as well of law as of fact may be argued to the jury." This statute grants counsel the right to read and comment on reported case law, relevant to the issues before the jury. *State v. Gardner*, 316 N.C. 605, 342 S.E. 2d 872 (1986).

Here, defense counsel sought to read the following sentence, stated in *State v. Bass*, 253 N.C. 318, 116 S.E. 2d 772 (1960), in his closing argument. "This full summary of the incriminating facts, taken in the strongest view of them adverse to the prisoner, excite suspicion in the just mind that he is guilty, but such view is far from excluding the rational conclusion *that some other unknown person may be the guilty party* . . . ." *Id.* at 324, 116 S.E. 2d at 776 (emphasis added). The trial court stopped defendant's counsel from reading the last ten words of the sentence after ruling the legal principles in the case were inappropriate for oral argument, because the case citing these principles had found insufficient evidence existed for submission of the case to a jury.

The statement of law in *Bass* specifically addressed the State's use of circumstantial evidence to obtain a conviction, had not been reversed on appeal, and was relevant to the issue of circumstantial evidence before the jury in the present case. Therefore, we find the trial court improperly excluded the case law at trial. *State v. Gardner*, 316 N.C. 605, 342 S.E. 2d 872.

However, as discussed in the previous issue, defendant bears the burden of proving this error was prejudicial. *Id.*; N.C.G.S. § 15A-1443(a) (1983).

On appeal defendant presents no evidence of prejudice attributable to the trial court's error. Furthermore, the record shows defendant's counsel thoroughly argued the law pertaining to circumstantial evidence in his closing argument.

Based on these facts, we conclude there is no reasonable possibility the trial court's act, preventing defense counsel from quoting the statement in *Bass*, effected the verdict returned by the jury. Accordingly, we overrule this assignment of error.

For the reasons given above, we conclude defendant received a fair trial free from prejudicial error.

No error.

Judges ARNOLD and GREENE concur.