STATE OF NORTH CAROLINA v. RAYMOND LEE OUTLAW, Defendant

No. 886SC1149

(Filed 5 July 1989)

### 1. Criminal Law § 86.2— pleas of no contest—convictions for impeachment purposes

Defendant's pleas of no contest in prior cases constituted "convictions" about which defendant could be cross-examined for impeachment purposes pursuant to N.C.G.S. § 8C-1, Rule 609(a).

### 2. Criminal Law § 86.3— admission of conviction—further cross-examination about details—harmless error

Although the trial court erred in allowing the State to cross-examine defendant about the details of a prior assault conviction after defendant admitted the conviction, this single inquiry about a single assault was not prejudicial to defendant.

Judge BECTON dissenting.

APPEAL by defendant from *Stephens (Donald W.), Judge*. Judgment entered 4 May 1988 in Superior Court, BERTIE County. Heard in the Court of Appeals 11 May 1989.

Defendant was charged and found guilty of felonious breaking and entering and felonious larceny arising from a break-in at Bertie County High School and the theft of six VCR machines valued at $7,500. Defendant, the school custodian, pled not guilty and provided alibi witnesses. There was no physical evidence at the scene linking defendant to the break-in. The State provided witnesses who implicated defendant. One of these witnesses, also involved in the break-in, named defendant as the mastermind behind the crime.

Prior to trial defendant filed a motion *in limine* seeking to prevent introduction of or cross-examination for impeachment purposes as to two prior cases in which defendant pled "no contest" to misdemeanor breaking and entering and larceny. Defendant argued that North Carolina did not recognize a "no contest" or *nolo contendere* plea to be an admission of guilt or a "conviction." Therefore introduction of such evidence would be inadmissible under evidence rules allowing the use of prior convictions for impeachment purposes. The court denied defendant's motion stating that a "convic-

STATE v. OUTLAW

[94 N.C. App. 491 (1989)]

tion" under G.S. 8C-1, Rule 609(a) included a conviction that resulted from a "no contest" plea.

At trial, defendant testified on his own behalf and was cross-examined about the misdemeanor "convictions." He was also questioned over objection about details regarding prior convictions for assaults on females. From a judgment imposing an active sentence of five years, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Henry T. Rosser, for the State.*

*M. Braxton Gillam, III, for defendant-appellant.*

LEWIS, Judge.

[1] Defendant brings forward two assignments of error. First, he contends that the court erred in permitting the State to use his "no contest" plea in prior cases as "convictions" for purposes of impeachment. Second, defendant contends that the court erred in allowing the State's cross-examination of him as to underlying facts surrounding his prior admitted assault convictions.

G.S. 8C-1, Rule 609(a), effective 1 July 1984, provides in pertinent part that "[f]or the purpose of attacking the credibility of a witness, evidence that he had been convicted of a crime . . . shall be admitted if elicited from him during . . . cross-examination." In prior cases our courts have held that a *nolo contendere* plea is not a "conviction" but an implied admission of guilt only for the purposes of the case in which it is entered. *State v. Hedgepeth,* 66 N.C. App. 390, 310 S.E. 2d 920 (1984); *See North Carolina State Bar v. Hall,* 293 N.C. 539, 238 S.E. 2d 521 (1977); *State v. Stone,* 245 N.C. 42, 95 S.E. 2d 77 (1956); *State v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525 (1952). In *Hedgepeth,* decided prior to our current rules of evidence, this Court specifically addressed the issue of using a prior *nolo contendere* plea as a "conviction" for purposes of impeachment and held that "[i]n North Carolina, a plea of *nolo contendere* is not a conviction. . . . The State, therefore, may not ask the defendant about the plea of *nolo contendere* for purposes of impeachment by prior convictions." *Id.* at 401, 310 S.E. 2d at 925 (citations omitted).

However, in a recent Supreme Court case, *State v. Holden,* 321 N.C. 125, 362 S.E. 2d 513 (1987), the Court held that for purposes of considering prior convictions as an aggravating factor under

## STATE v. OUTLAW

[94 N.C. App. 491 (1989)]

G.S. 15A-2000(e) a *nolo contendere* plea was a conviction. The court there reasoned:

> A no contest plea is not an admission of guilt. It is a statement by the defendant that he will not resist the imposition of a sentence in the case in which the plea is entered. In that case the defendant is treated as if he had pled guilty. A court may not accept a plea of no contest without first determining there is a factual basis for the plea. N.C.G.S. Section 15A-1022. A no contest plea may not be used in another case to prove that the defendant committed the crime to which he pled no contest because he has not admitted he committed the offense. That is not what was done in this case. It is important that the statute does not require proof that the defendant actually committed the offense. It only requires proof that he was convicted of the offense. The question presented in this case is not whether the no contest plea may be used to prove the aggravating circumstance but whether proof of the no contest plea and final judgment entered thereon constitute a conviction within the meaning of the statute. We hold it is a conviction within the statute's meaning and was properly found as an aggravating circumstance.

*Id.* at 161-62, 362 S.E. 2d at 536. We are of the opinion that this reasoning is applicable to the situation here where the *nolo contendere* plea is not being used to prove defendant committed the offense but merely to prove that he was convicted of the offense.

*Holden* was a capital case in which the death penalty was upheld. Thus, our Supreme Court held, under G.S. 15A-2000(e) that a *nolo contendere* plea may be used to aggravate a crime so as to sustain a death sentence. From this we reason that evidence of past convictions resulting from a *nolo* plea should also be properly admitted under G.S. 8C-1, Rule 609(a) for purposes of impeachment especially when a defendant has voluntarily taken the stand to testify and be cross-examined, at which time he could explain his plea if he desired and assert his innocence.

This opinion is buttressed by federal case law which has held that for purposes of using prior convictions to impeach under Federal Rule 609(a), there is no difference between a conviction arising from a *nolo contendere* plea or one arising from an actual finding of guilt.

[F]ederal precedents are not binding on the courts of this State . . . [however they] should be looked to by the courts for enlightenment and guidance in ascertaining the intent of the General Assembly in adopting these rules. Uniformity of evidence rulings . . . should be a goal of our courts in construing those rules that are identical.

*Commentary*, G.S. 8C-1, Rule 102. Although the federal and state versions are not exactly identical, we believe that they are sufficiently similar in this case to consider federal precedent.

In *United States v. Williams*, 642 F. 2d 136 (5th Cir. 1981), the court noted that Rule 609(a) does not distinguish between convictions resulting from a guilty plea or from a *nolo contendere* plea and that in fact an exception for *nolo contendere* pleas in earlier drafts of the rule was specifically deleted. The court concluded that this deletion evidenced Congress' intent not to recognize any distinction between the two pleas.

Once convicted, whether as a result of a plea of guilty, *nolo contendere*, or of not guilty (followed by trial), convictions stand on the same footing, unless there be a specific statute creating a difference. Clearly, the rule governing our issue, Fed. R. Evid. 609, creates no difference between convictions according to the pleas that preceded them. . . .

'As a means of impeachment, evidence of conviction of crime is significant only because it stands as proof of the commission of the underlying criminal act. . . .' As a nolo plea is an admission of every element of the offense . . . a conviction based on such a plea is as conclusive for the purposes of Fed. R. Evid. 609 as a conviction based on a guilty plea or verdict.

*Id.* at 139-40, *quoting* Advisory Committee Note to Rule 609, 10 Moore's Federal Practice, Section 609, .01 [1-10] at VI-117 (1979 ed.) (citations omitted). For the reasons set forth herein and because our G.S. 8C-1, Rule 609(a), like its federal counterpart, does not by its language create a difference between convictions based on their underlying plea we hold that the court did not err in allowing defendant's prior convictions to be used to attack his credibility during cross-examination.

[2] Defendant next contends that the trial court erred in allowing the State to cross-examine defendant about underlying facts surrounding two prior assault convictions after defendant had ad-

mitted to the convictions. Initially, we note that defendant only specifically objected to the State's cross-examination as to one of two alleged prior assault convictions. Thus, we will only address the propriety of allowing that particular testimony. *See* App. R. 10(a). The State questioned defendant as follows:

Q. What else have you been convicted of?

A. I've been convicted of ahh, two assaults on a female in 1984 and assault on a female in 1985.

Q. Isn't that three assaults on a female?

A. Yes, Sir. . . .

Q. One involved a Betty Holley—you hitting her with your fist. . . .

Mr. Gillam: Your Honor, I object.

Court: Ahh, overruled. He can answer that question.

EXCEPTION NO. 4

(Mr. Newbern): Is that right?

A. Excuse me?

Q. You were convicted on August 20, 1984, of striking a Betty Holley with your fist and twisting her arm. Is that right?

A. That's what was said.

For purposes of impeachment, where a witness has admitted to a prior conviction, further inquiry into that conviction is limited to the time and place of the conviction and punishment imposed. *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977). However, one may not ordinarily go into details of the crime. *Id.* "Strong policy reasons support the principle that ordinarily one may not go into the details of the crime by which the witness is being impeached. Such details unduly distract the jury from the issues properly before it, harass the witness and inject confusion into the trial of the case." *Id.* at 141, 235 S.E. 2d at 824.

However, we do not believe the cross-examination here constitutes reversible error. *See State v. Rathbone*, 78 N.C. App. 58, 336 S.E. 2d 702 (1985). Unlike *State v. Greenhill*, 66 N.C. App. 719, 311 S.E. 2d 641 (1984), in which our Court determined that the State's inquiry into the weapons used and victims involved

in *thirteen* prior assault convictions constituted reversible error and *State v. Bryant*, 56 N.C. App. 734, 289 S.E. 2d 630 (1982), in which our Court held that the State's somewhat lengthy inquiry into the details of a defendant's prior larceny conviction constituted reversible error, the prosecution here made a single inquiry about a single assault. In this case we do not think that such a brief inquiry unduly distracted or confused the jury, or harassed the defendant, or that defendant, on trial for larceny, was unduly prejudiced.

Based on the foregoing we find defendant's trial free of prejudicial error.

No error.

Judge PHILLIPS concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that a plea of no contest may not be used as a "conviction" for purposes of impeachment at a criminal trial, I dissent. *See State v. Hedgepeth*, 66 N.C. App. 390, 310 S.E. 2d 920 (1984).

Our Supreme Court has never retreated from the well-entrenched rule that a no contest plea may not be used against a defendant in the guilt or innocence phase of a subsequent trial. *State v. Thomas*, 236 N.C. 196, 72 S.E. 2d 525 (1952). Not even the words "guilty as charged" and "convicted" can change the effect of a no contest plea in a subsequent proceeding. *State Bar v. Hall*, 293 N.C. 539, 238 S.E. 2d 521 (1977); *see also In Re Stiers*, 204 N.C. 48, 167 S.E. 382 (1933) (introduction of the judgment, based upon a plea of nolo contendere, was insufficient to disbar an attorney). In *Thomas*, our Supreme Court specifically said that "the super-added clause 'and was found guilty by the court' would be a misapprehension of the effect of a plea of nolo contendere in a criminal action, and could not be upheld." 236 N.C. at 202, 72 S.E. 2d at 529 (citation omitted).

The above-referenced cases were neither explicitly nor implicitly overruled by *State v. Holden*, 321 N.C. 125, 362 S.E. 2d 513 (1987), *cert. denied*, --- U.S. ---, 100 L.Ed. 2d 935 (1988), upon

which the majority relies. Indeed, the *Holden* court cited *Hall* with approval before narrowing its focus to defendant Holden's post-conviction sentencing hearing. The narrow question in *Holden* was whether proof of the no contest plea and final judgment entered thereon constituted a conviction within N.C. Gen. Stat. Sec. 15A-2000(e) and was therefore properly found as an aggravating circumstance. 321 N.C. at 162, 362 S.E. 2d at 536.

The court summarily concluded that Holden's no contest plea was "a conviction within the [sentencing] statute's meaning and was properly found as an aggravating circumstance." *Id.* Holden's responsiveness to punishment and his potential for rehabilitation were relevant at the sentencing hearing, and the Supreme Court presumably considered these factors in allowing the no contest plea to be used as an aggravating circumstance. Such a presumption would have been consistent with the *single* legislative exception concerning the use of no contest pleas in subsequent sentencing proceedings to establish an aggravating factor under the Fair Sentencing Act. *See* N.C. Gen. Stat. Sec. 15A-1340.2 (1988). This single statutory exception, however, is narrowly limited to determining the length of a sentence in subsequent felony cases and does not apply to the guilt or innocence phase of trial. *Holden* simply extends the *sentencing* exception to capital cases.

In my view, N.C. Gen. Stat. Sec. 8C-1, R. Evid. 410 (1986) is dispositive. The new rules of evidence did not change prior case law concerning the use of no contest pleas in the guilt or innocence phase of trials. In pertinent part, Rule 410 states that:

> [e]xcept as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible for or against the defendant who made the plea or was a participant in the plea discussions: . . .

> (2) A plea of no contest. . . .

The commentary to Rule 410, citing *Brandis on North Carolina Evidence*, Sec. 177 (1982), states that subsection (2) is consistent with North Carolina law. Significantly, the legislature had a specific opportunity to change the developed body of case law when it enacted Rule 410 but chose not to do so.

The no contest plea serves a useful purpose. Judicial economy is only one of its practical utilities. Further, "[f]undamental fairness would preclude making an ex post facto exception to the long

established rule that the plea of nolo contendere has no effect beyond the particular case in which it was entered. . . ." *Hall*, 293 N.C. at 545, 238 S.E. 2d at 525.

I vote for a new trial.