STROUD, Judge.
 

 *699
 
 Defendant appeals the revocation of his probation. We affirm and remand for correction of a clerical error.
 

 *700
 
 On 2 November 2016, while on probation for another offense, defendant was convicted of possession of drug paraphernalia. Probation Officer Noah Kearney filled out a probation violation report noting three violations: "arrears $800.00 in court indebtedness[,]" "$720.00 in probation supervision fees[,]" and conviction of the 2 November 2016 offense. (Original in all caps.) Defendant appeared
 
 pro se
 
 before the trial court and admitted that he had violated his probation as alleged in the probation violation report, but explained to the trial court he had pled guilty in order to receive a reduced sentence,
 

 And as far as the new conviction, I know you can see it was a really large drop in the case so I received 120 days on it. So I had a decision to make, whether to go to trial and face eight years, or take 120 days. It was pretty sure for me so I just took that.
 
 [1]
 

 *259
 
 In December of 2016, the trial court entered an order revoking defendant's probation. Defendant appeals.
 

 Defendant's only argument on appeal is that "the trial court abused its discretion, and acted under a misapprehension of the law, when it revoked defendant's probation based on three alleged violations of which only one provided a statutory basis for revocation." (Original in all caps.)
 

 A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
 

 State v. Jones
 
 ,
 
 225 N.C. App. 181
 
 , 183,
 
 736 S.E.2d 634
 
 , 636 (2013) (citation omitted).
 

 *701
 
 Defendant's argument is based upon his contention that the trial court mistakenly believed that
 
 each
 
 of the violations was a sufficient basis upon which to revoke probation, although only one of the violations-commission of a crime while on probation-is actually a proper basis for revocation of probation.
 
 See
 
 N.C. Gen. Stat. §§ 153A-1343(b)(1), -1344(a) (2017). On the Judgment and Commitment Upon Revocation of Probation-Felony, Form AOC-CR-607, Rev. 12/13, the trial court checked the box for the second sentence of Finding 4:
 

 Each of the conditions violated as set forth above is valid; the defendant violated each condition willfully and without valid excuse; and each violation occurred at a time prior to the expiration or termination of the period of the defendant's probation.
 

 ?
 
 Each
 
 violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence.
 

 (Emphasis added.)
 

 Probation can be revoked under North Carolina General Statute § 15A-1343(b)(1) if the defendant commits a "criminal offense in any jurisdiction" while on probation. N.C. Gen. Stat. § 15A-1343(b)(1). North Carolina General Statute § 153A-1344(a) provides in pertinent part that "[t]he court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) [.]" N.C. Gen. Stat. § 15A-1344(a). Because defendant committed a criminal offense while on probation, the trial court could properly revoke his probation on that ground.
 
 See
 
 N.C. Gen. Stat. §§ 153A-1343(b)(1), -1344(a);
 
 see also
 

 State v. Seay
 
 ,
 
 59 N.C. App. 667
 
 , 670-71,
 
 298 S.E.2d 53
 
 , 55 (1982) ("It is sufficient grounds to revoke the probation if only one condition is broken.").
 

 Although defendant acknowledges that the trial court could have exercised its discretion to revoke probation based only upon the criminal offense, he argues that "the trial court's decision to revoke probation based on two violations that could not support an order revoking probation likely influenced the trial court's decision to revoke probation." It is true that the trial court could not have revoked probation based upon the other two violations of failure to pay court indebtedness and probation supervision fees.
 
 See generally
 
 N.C. Gen. Stat. § 15A-1344(a). Defendant is also correct that because the trial court checked the box for the second sentence of Finding 4, it found that "[
 
 e
 
 ]
 
 ach violation is, in and of itself
 
 , a sufficient basis" for revocation of probation. (Emphasis added.) Defendant argues:
 

 *702
 
 Given that we do not know which alleged violation, or combination thereof, was the basis for the trial court's revocation, and that only one of the three alleged violation[s] provides a statutory basis for revocation, Mr. Sharpe's probation revocation sentence must be vacated and remanded back to the trial court for a new hearing.
 

 *260
 
 Contrary to defendant's argument, we do know the trial court's basis for the revocation of probation, and it was the commission of a criminal offense. It is apparent from the trial court's rendition and the order as a whole that the trial court did not act under a misapprehension of law that
 
 each
 
 violation alone could have been sufficient to revoke defendant's probation. But there is a clerical error in the order because the trial court checked the box in Finding 4, which was unnecessary based upon the trial court's rendition and Finding 5. Finding 5 states the basis for revocation: "5. The Court may revoke defendant's probation ... (a) for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343(b)(1) ... as set out above." In addition, the trial court stated during rendition of the ruling:
 

 I find and conclude that the Defendant violated the conditions as set forth in the violation report. Each of those conditions is valid. You violated those conditions willfully, without valid excuse, prior to the expiration of the probationary period.
 
 One of the violations is in and of itself sufficient to justify revocation and the activation of the suspended sentence.
 
 Therefore, probation is revoked and the sentence is activated.
 

 (Emphasis added.)
 

 The trial court recognized that "[o]
 
 ne
 
 of the violations is in and of itself sufficient to justify revocation and the activation of the suspended sentence." That "one violation" was committing another criminal offense, as noted in Finding 5. The trial court did not say "
 
 each
 
 of the violations" is sufficient to justify revocation. This difference in wording is significant, since it demonstrates that the trial court was basing the revocation on
 
 one
 
 of the violations, and the order notes in Finding 5 that the
 
 one
 
 violation justifying revocation was the commission of a criminal offense. But since the second sentence of Finding 4 should not have been checked, we remand for correction of this clerical error.
 
 See
 

 State v. Smith
 
 ,
 
 188 N.C. App. 842
 
 , 845,
 
 656 S.E.2d 695
 
 , 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction
 
 *703
 
 because of the importance that the record speak the truth." (citation and quotation marks omitted) ).
 

 AFFIRMED and REMANDED for correction of clerical error.
 

 Judges DILLON and INMAN concur.
 

 [1]
 

 Defendant does not raise the argument of lack of willfulness on appeal, nor is there a legal basis for the argument. "Once convicted, whether as a result of a plea of guilty, nolo contendere, or of not guilty (followed by trial), convictions stand on the same footing, unless there be a specific statute creating a difference."
 
 State v. Outlaw
 
 ,
 
 94 N.C. App. 491
 
 , 494,
 
 380 S.E.2d 531
 
 , 533 (1989) (citation omitted),
 
 aff'd
 
 ,
 
 326 N.C. 467
 
 ,
 
 390 S.E.2d 336
 
 (1990).