An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-965

Filed 15 October 2025

Cumberland County, No. 22CRS005130-250

STATE OF NORTH CAROLINA

       v.

STEVEN LEONARD LINDSLEY, JR.

Appeal by defendant from judgment entered 29 January 2024 by Judge Regina M. Joe in Cumberland County Superior Court. Heard in the Court of Appeals 21 May 2025.

>*Attorney General Jeff Jackson, by Assistant Attorney General Michelle Harris, for the State.*

>*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for defendant-appellant.*

ZACHARY, Judge.

Defendant Steven Leonard Lindsley, Jr., appeals from the trial court's judgment revoking his probation. On appeal, Defendant argues that the court committed reversible error by revoking his probation based on the commission of new criminal offenses alleged in a prior probation violation report, rather than the

violation report at issue before the court. We vacate the judgment and remand to the trial court for a new probation revocation hearing.

## I.       Procedural Background

On 8 December 2014, a Haywood County grand jury indicted Defendant for taking indecent liberties with a child. On 1 July 2015, Defendant pleaded guilty to this charge and the trial court entered judgment against Defendant, sentencing him to a term of 27 to 42 months' imprisonment in the custody of the North Carolina Division of Adult Correction. The court suspended Defendant's sentence and placed him on supervised probation for a term of 48 months, to begin once he completed the sentences imposed by prior judgments.

Defendant's probation officer filed the first violation report on 13 June 2022, alleging that Defendant had violated three conditions of his probation. On 16 June 2022, the trial court entered an order extending Defendant's term of probation by 12 months.

Defendant was assigned a new probation officer who filed a second violation report on 25 April 2023, which alleged that Defendant had violated the conditions of his probation by committing several new criminal offenses; in fact, on 10 April 2023, a Cumberland County grand jury indicted Defendant for four felonies and one misdemeanor. On 8 May 2023, the trial court heard this matter and entered an order continuing Defendant's term of probation.

On 17 January 2024, Defendant's probation officer filed a third violation

report, alleging that Defendant had violated the terms of his probation by failing to pay his court-ordered fees, committing multiple new criminal offenses, and neglecting to complete his court-ordered sex-offender treatment.

Defendant pleaded guilty to two of the offenses alleged in the second violation report on 25 January 2024. Pursuant to the plea arrangement, the State dismissed the other charges listed in the second violation report, and the trial court entered judgment, sentencing Defendant to a term of 15 to 27 months' imprisonment.

On 29 January 2024, the trial court held a probation revocation hearing on the third violation report. At the conclusion of the hearing, the court revoked Defendant's probation and sentenced Defendant to a term of 27 to 42 months' imprisonment to run concurrently with Defendant's existing sentences.

On 31 January 2024, Defendant filed a pro se, handwritten notice of appeal from the court's 29 January judgment revoking his probation. On 7 February 2024, Defendant filed a second notice of appeal. On 5 February 2025, Defendant filed a petition for writ of certiorari with this Court, and on 11 February 2025, the State filed its reply.

## II.    Appellate Jurisdiction

Defendant filed a petition for writ of certiorari requesting appellate review in the event that his 31 January notice of appeal failed to confer jurisdiction upon this Court. The record reflects that Defendant filed a handwritten notice of appeal but failed to designate the court to which the appeal was taken and neglected to serve his

notice on the State in violation of Rule 4 of our Rules of Appellate Procedure. *See* N.C.R. App. P. 4.

"[A] defendant's failure to designate this Court in a notice of appeal does not warrant dismissal of the appeal where this Court is the only court possessing jurisdiction to hear the matter and the State has not suggested that it was misled by the defendant's flawed notice of appeal." *State v. Sitosky*, 238 N.C. App. 558, 560, 767 S.E.2d 623, 624 (2014), *disc. review denied*, 368 N.C. 237, 768 S.E.2d 847 (2015); *see also State v. Rankin*, 257 N.C. App. 354, 356, 809 S.E.2d 358, 360 ("Because this Court is the only court possessing jurisdiction to hear her appeal, it can be fairly inferred that [the d]efendant intended to appeal to this Court. . . . Moreover, the State has not suggested that it was misled due to this deficiency in her notice of appeal. Thus, [the d]efendant's failure to designate this Court in her notice of appeal does not warrant dismissal of this appeal." (citation omitted)), *aff'd*, 371 N.C. 885, 821 S.E.2d 787 (2018).

Additionally, "a party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in the appeal." *State v. Ragland*, 226 N.C. App. 547, 552, 739 S.E.2d 616, 620 (2013) (citation omitted), *cert. denied*, 586 U.S. 1240, 203 L. Ed. 2d 599 (2019). Here, although the State has acknowledged the lack of service of the notice of appeal, it "has participated without objection in the appeal by filing its brief" and has not alleged any prejudice from the lack of proper service. *Id.*

"Accordingly, [D]efendant's failure to serve the notice of appeal and his mistake in failing to name this Court in his notice of appeal do not warrant dismissal." *Id.* at 553, 739 S.E.2d at 620. We therefore dismiss Defendant's petition for writ of certiorari as moot and proceed to address the merits of the appeal before us.

### III. Analysis

Defendant raises a single issue on appeal: whether "[t]he trial court reversibly erred in revoking [his] probation where (1) the parties were in court on 29 January 2024 to address the violations alleged in the [third] violation report, but (2) defense counsel instead admitted [Defendant] had violated his probation by committing two of the offenses alleged" in the second violation report, therefore leaving unsupported the court's finding that Defendant had committed the new criminal offenses alleged in the third violation report.

### A. Standard of Review

"A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion" that 1) "the defendant has willfully violated a valid condition of probation" or 2) "the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Sharpe*, 259 N.C. App. 699, 700, 816 S.E.2d 258, 259 (2018) (citation omitted). "The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." *Id.* (citation omitted). "A trial court abuses its discretion when a ruling is

manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Melton*, 258 N.C. App. 134, 136, 811 S.E.2d 678, 680 (2018) (cleaned up).

**B. Discussion**

Defendant argues that "[t]he trial court's revocation judgment was not supported by valid findings of fact or conclusions of law." We agree.

"Traditional rules of evidence do not apply in probation violation hearings, and the trial court is permitted to use substitutes for live testimony, including affidavits, depositions, and documentary evidence, as well as hearsay evidence." *State v. Jones*, 382 N.C. 267, 272, 876 S.E.2d 407, 411 (2022) (cleaned up). "In addition, trial courts are granted great discretion in admitting any evidence relevant to the revocation of [the] defendant's probation." *Id.* (cleaned up). "Ultimately, all that is required in a probation revocation hearing is that the evidence reasonably satisfy the trial court that a probationer has willfully or without lawful excuse violated a condition of probation." *Id.* (cleaned up).

"The mere fact that a probationer is charged with certain criminal offenses is insufficient to support a finding that he committed them." *State v. Singletary*, 290 N.C. App. 540, 546, 893 S.E.2d 215, 221 (2023) (cleaned up). "However, a defendant need not be convicted of a criminal offense in order for the trial court to find that a defendant violated N.C. Gen. Stat. § 15A-1343(b)(1) by committing a [new] criminal offense." *Id.* (citation omitted). Rather, "[i]t is sufficient that the State introduce

evidence from which the trial court can independently find that the defendant committed a new offense." *Id.* (cleaned up); *see also State v. Hancock*, 248 N.C. App. 744, 750, 789 S.E.2d 522, 526 (2016) ("The sworn violation report constitutes competent evidence sufficient to support the trial court's finding that [the] defendant committed this violation."), *disc. review denied*, 369 N.C. 482, 795 S.E.2d 218 (2017).

A trial court's authority to revoke probation is statutorily limited. *See* N.C. Gen. Stat. § 15A-1344(a) (2023).

> A trial court may only revoke a defendant's probation in circumstances where the defendant: (1) commits a new criminal offense, in violation of N.C. Gen. Stat. § 15A-1343(b)(1), (2) absconds by willfully avoiding supervision or by willfully making [his or] her whereabouts unknown to the supervising probation officer, in violation of § 15A-1343(b)(3a), or (3) violates any condition of probation after previously serving two periods of confinement in response to violations, pursuant to § 15A-1344(d2).

*Melton*, 258 N.C. App. at 136–37, 811 S.E.2d at 680–81.

Here, Defendant's probation officer filed the third violation report on 17 January 2024, which alleged Defendant's probationary violations as follows:

> 1. Condition of Probation "The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" as directed by the Court or probation officer" in that
> AS OF THE DATE OF THIS REPORT, . . . DEFENDANT HAS PAID $0 ON A TOTAL AMOUNT DUE OF $2,329.50, LEAVING . . . DEFENDANT WITH AN OUTSTANDING BALANCE OF $2,329.50.
>
> 2. General Statute [§] 15A-1343(b)(1) "Commit no criminal offense in any jurisdiction" in that
> ON OR ABOUT 11/12/2023, . . . DEFENDANT WAS

CHARGED WITH POSSESS [sic] DRUG PARAPHERNALIA, FICT/ALT TITLE/REG CARD/TAG, FICTITIOUS INFO TO OFFICER AND DWLR NOT IMPAIRED REV. 23CR457971

3. General Statute [§] 15A-1343(b)(1) "Commit no criminal offense in any jurisdiction" in that
ON OR [ABOUT] 11/12/2023, . . . DEFENDANT WAS CHARGED WITH POSSESS [sic] METHAMPHETAMINE AND IDENTITY THEFT. 23CR457971

4. Condition of Probation "Participate in such evaluation and treatment as is necessary to complete a prescribed course of psychiatric, psychological, or other rehabilitative treatment as ordered by the court" in that
AS OF THE DATE OF THIS REPORT, THE OFFENDER HAS FAILED TO COMPLETE COURT-ORDERED SEX OFFENDER TREATMENT WITH INTEGRATED BEHAVIORAL HEALTHCARE SERVICES.

A probation revocation hearing regarding Defendant's third violation report was held on 29 January 2024. At the hearing, however, defense counsel—who had represented Defendant when he pleaded guilty only days before to the offenses alleged in the second violation report—waived a reading of the violations alleged in the third violation report. Defense counsel then admitted Defendant's commission of those violations under the "fundamentally mistaken understanding" that the new crimes at issue were those alleged in the second report to which Defendant had previously pleaded guilty. The State did not present any evidence, including the sworn (third) violation report. After hearing the arguments of counsel, the trial court announced its ruling:

> [T]he [c]ourt finds a willful violation. . . . [D]efendant's

probationary sentence is to be revoked and his active sentence is to be invoked. Probationary status revoked, and his active sentence invoked. He is to receive credit for any pretrial confinement as required by law. Any monies that are owed will be reduced to a civil judgment.

The trial court then entered its judgment revoking Defendant's probation based on paragraphs 1–4 of the *third* violation report—not the violations alleged in the *second* violation report, which Defendant admitted committing and to which he had previously pleaded guilty.

As Defendant observes on appeal: "At the 29 January 2024 probation hearing, the parties were present to address the violations alleged in the [third] violation report. However, [Defendant] did not admit to those violations, and the State did not prove them." The State acknowledges that "a review of the transcript reveals that defense counsel misspoke as to which new crimes served as the basis for [D]efendant's admission . . . ." Thus, it is undisputed that defense counsel admitted to the violations alleged in the second violation report, rather than those alleged in the third violation report. Nevertheless, the State argues that this is of no import because the sworn (third) violation report provided competent evidence of Defendant's violations. Indeed, as the State observes, "[a] sworn violation report constitutes competent evidence sufficient to support the trial court's finding that [the] defendant committed the violation." (citing *State v. High*, 183 N.C. App. 443, 449, 645 S.E.2d 394, 397–98 (2007)). Here, however, the sworn (third) violation report was not admitted into evidence nor the allegations contained within even discussed at the 29 January 2024

hearing. Therefore, there is no evidence supporting the revocation of Defendant's probation.

This Court addressed a comparable situation in *Sitosky*. In that case, the defendant's probation officer filed numerous violation reports alleging violations of the conditions of the defendant's supervised probation. *Sitosky*, 238 N.C. App. at 559, 767 S.E.2d at 624. At the probation revocation hearing, the defendant admitted to three of the many alleged violations. *Id.* at 564, 767 S.E.2d at 627. The trial court's judgments, however, indicated that the defendant "admitted to *all* of the violations alleged in" multiple paragraphs of multiple reports. *Id.* This Court determined that its "review of the transcript of the revocation hearing reveal[ed] that [the d]efendant did not admit to—and no evidence was offered by the State regarding—the remaining alleged probation violations." *Id.* Accordingly, it was not possible to determine on appeal whether the revocation was based on violations neither admitted by the defendant nor proven by the State. *Id.* at 565, 767 S.E.2d at 627. We vacated the trial court's judgment and remanded the case "for further proceedings so that the trial court c[ould] determine whether the revocation of [the d]efendant's probation [wa]s appropriate." *Id.* at 565, 767 S.E.2d at 628.

"[A] proceeding to revoke probation is not a criminal prosecution and is often regarded as informal or summary." *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014) (cleaned up). "Nevertheless, despite the informal or summary nature of probation hearings, the State bears the burden of presenting sufficient evidence to

reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *State v. Krider*, 258 N.C. App. 111, 118, 810 S.E.2d 828, 832 (cleaned up), *aff'd as modified*, 371 N.C. 466, 818 S.E.2d 102 (2018) (per curiam).

After careful review, we conclude that the State did not meet its "burden of presenting sufficient evidence" to support the trial court's decision to revoke Defendant's probation. *Id.* Therefore, we vacate the judgment entered in file number 22CRS005130-250 and remand to the trial court so that the court can determine whether the revocation of Defendant's probation is appropriate.

## IV. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

Judges GORE and FREEMAN concur.

Report per Rule 30(e).